## 0830

HORRY COUNTY, a Body Politic, Petitioner v. Edgar A. WOODWARD, Hazel W. Butler, Ralph C. Price, Joseph N. Morse, and all other persons unknown claiming any right, title, estate, interest in or lien upon the real estate described in the Notice of Lis Pendens herein, Respondents, Of Whom Ralph C. Price is Appellant, and Edgar A. Woodward and Hazel W. Butler are Respondents. Appeal of Ralph C. PRICE.

(351 S. E. (2d) 877)

Court of Appeals

*Henrietta U. Golding, Howell V. Bellamy, Jr.,* and *Bradley D. King,* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.,* Myrtle Beach, *for appellant.*

*D. W. Green, Jr.,* of *Green and Sasser,* Conway, *for respondents.*

Heard Sept. 17, 1986.

Decided Dec. 15, 1986.

BELL, Judge:

Edgar A. Woodward and Hazel W. Butler brought this supplemental proceeding to assess interest on a judgment against Horry County for condemnation of real estate known as Bird Island located at the mouth of the Little River. Relying on Section 34-31-20, Code of Laws of South Carolina, 1976, the circuit court ordered Ralph C. Price to pay interest on the judgment. Price appeals. We reverse.

The facts of the case are undisputed. Horry County, in the exercise of its power of eminent domain, brought an action to condemn Bird Island for a public use. Woodward and Butler on the one hand and Price on the other claimed title to the Island. The circuit court held that Woodward and Butler were the owners of the land and ordered Horry County to pay them $172,687.60 as compensation for the taking. The County paid the money into court. Price appealed on the issue of title. This Court affirmed the judgment in favor of Woodward and Butler. *See Horry County v. Woodward,* 282 S. C. 366, 318 S. E. (2d) 584 (Ct. App. 1984). Woodward and Butler then moved in the circuit court to assess interest on the judgment against Price pursuant to Section 34-31-20. On April 3, 1981, the date judgment was entered in this case, that statute provided:

> In all money decrees and judgments of courts enrolled or entered ... the legal interest shall be at the rate of eight and three-fourths percent per annum.

The circuit court held that Price was liable for interest from the date of judgment, reasoning that the taking of an appeal did not suspend the running of interest.

We hold the award of judgment interest against Price was erroneous for two reasons. First, Horry County, not Price, was the judgment debtor. The obligation to pay interest on a judgment is the obligation of the judgment debtor. Thus, the County, not Price, was liable for payment of any interest due on the judgment. Second, when the County paid the judgment into court, it stopped the running of judgment interest. Payment of a judgment into court is deemed to be a payment of money for the use of the person entitled thereto and stops the running of judgment interest. *See Bartlett v. Heersche*, 209 Kan. 369, 496 P. (2d) 1314 (1972); *Winterton v. Van Zandt*, 397 S. W. (2d) 693 (Mo. Ct. App. 1965); *Franklin Bank v. Bruns*, 84 Ohio St. 12, 95 N. E. 385 (1911); Section 28-5-320, Code of Laws of South Carolina, 1976.

For these reasons, the judgment of the circuit court awarding judgment interest against Price is

Reversed.

SHAW and GOOLSBY, JJ., concur.