22754

Lynda L. SEARS, Respondent v. Lillian Huggins FOWLER, Appellant.
(358 S. E. (2d) 574)

Supreme Court

*O. Allen Alexander*, of *McCutcheon, McCutcheon & Baxter, P.A.*, Conway, *for appellant.*

*John R. Clarke*, North Myrtle Beach, *for respondent.*

Heard April 21, 1987.

Decided July 20, 1987.

HARWELL, Justice:

Respondent, a judgment creditor, appealed from a judgment in her favor on the ground that the judgment was inadequate. We affirmed the judgment on appeal. The circuit court found that respondent was entitled to receive interest on the judgment during the pendency of the appeal. We disagree and reverse.

This action and a companion case were tried by a jury. On January 5, 1984, a verdict was rendered in respondent's favor in the amount of $16,500 actual damages. The jury verdict in the companion case for loss of consortium was in favor of respondent's husband for zero dollars.

Respondent moved for an additur, a new trial nisi, or, in the alternative, a new trial absolute. The trial judge denied these motions. Respondent appealed. On February 8, 1984, during the pendency of the appeal, appellant tendered payment of the $16,500 in return for full satisfaction of the judgment. Respondent declined.[1] We affirmed the order of the trial court on December 31, 1985. The jury's $16,500 verdict was therefore upheld. Appellant paid respondent the $16,500 on January 27, 1986.

Respondent moved for an order allowing interest on the trial court's judgment at the statutory rate of 14% per annum, S. C. Code Ann. § 34-31-20(B) (1976, as amended), from the date of enrollment of the judgment, until the date of payment. On May 9, 1986, the circuit court issued an order allowing respondent to receive interest on the judgment during the pendency of the appeal.

---

[1] We note that a judgment debtor may stop the running of interest by paying the amount of the judgment into court during the pendency of an appeal. *Horry County v. Woodward*, 291 S. C. 1, 351 S. E. (2d) 877 (Ct. App. 1986).

The sole question presented in this appeal is whether or not a judgment creditor, who unsuccessfully appeals a money judgment on the ground of inadequacy after having received a judgment in his favor, is entitled to interest under the general interest statute during the pendency of his appeal. We hold that he is not.

At common law, judgments did not bear interest. Annot., 15 A.L.R. (3d) 411, 414 (1967). Interest is generally allowable pursuant to statutory enactments. In South Carolina, our general interest statute provides, in relevant part:

> All money decrees and judgments of courts enrolled or entered shall draw interest according to law. The legal interest shall be at the rate of fourteen percent per annum.

S. C. Code Ann. § 34-31-20(B) (1976, as amended). Despite the mandatory tenor of the statutory language, the statute does not automatically apply in every case. The statute does not apply, for example, to judgments when the parties have contracted for a different rate. *Turner Coleman, Inc. v. Ohio Construction & Engineering, Inc.*, 272 S. C. 289, 251 S. E. (2d) 738 (1979).

There are no South Carolina cases applying this statute to a situation like the one at bar. As the circuit court noted in its order, there is a split of opinion among the states that have decided this issue. The respondent admitted in her brief that the majority rule is that a judgment creditor is not entitled to interest on the judgment obtained during the pendency of this unsuccessful appeal based on the insufficiency of the verdict. *See* Annot., 15 A.L.R. (3d) 411 (1967) (comprehensive discussion of right to interest, pending appeal, of judgment creditor appealing unsuccessfully on the ground of inadequacy).

The reason most frequently given for the majority's position is that the purpose of postjudgment interest is to penalize nonpayment of a judgment by a judgment debtor. This reasoning is illustrated by the following portion of a Missouri Court of Appeals case:

> [A judgment debtor is] required to pay interest on his debt as compensation for his further retention and use

of the judgment creditor's money. But such exaction of interest obviously implies that the judgment creditor is standing upon the amount of the judgment as the amount which is then due him from his judgment debtor, and that any delay in satisfaction of the judgment, as by an appeal therefrom, is solely occasioned by the act of the judgment debtor himself. ...

*State ex rel. Southern Real Estate & Financial Company v. City of St. Louis,* 234 Mo. App. 209, 213, 115 S. W. (2d) 513, 515 (1938). In cases such as the one before us today, it is the judgment creditor's own actions that have delayed the conclusion of the case.

Respondent contends that it is inequitable to require her to choose between accepting an insufficient verdict or appealing without receiving any interest. A defendant might similarly argue that it is inequitable to require him to choose between paying a judgment that is incorrect or excessive or having to pay interest on the judgment if his appeal is unsuccessful. Unquestionably there are pros and cons to allowing interest in the situation before us, just as there are pros and cons to not allowing it. We find, after careful consideration, that the majority rule is the most equitable one. A judgment creditor who appeals based on the insufficiency of the verdict is not entitled to interest during the pendency of the appeal when the verdict is later upheld.

Reversed.

NESS, C. J., GREGORY and FINNEY, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.