24201

Thomas A. RUSSO, Appellant v. John P. SUTTON, M.D., Respondent.

(454 S.E. (2d) 895)

Supreme Court

*A. Camden Lewis* and *Mary G. Lewis* of *Lewis, Babcock, and Hawkins,* Columbia, *for appellant.*

*Victoria L. Eslinger* and *Marcus A. Manos* both of *Nexsen, Pruet, Jacobs, and Pollard,* Columbia, *for respondent.*

Heard Nov. 16, 1994.

Decided Feb. 27, 1995; Reh. Den. Mar. 27, 1995.

WALLER, Justice:

This was an action for criminal conversation and alienation of affections brought by Appellant, Thomas Russo, against Respondent, John Sutton, M.D. The jury awarded Russo $80,000 damages. On appeal, this Court affirmed the verdict, but prospectively abolished the tort of alienation of affections. *Russo v. Sutton,* 310 S.C. 200, 422 S.E. (2d) 750 (1992) (*Russo I*). The sole issue in the current appeal is Russo's entitlement to post-judgment interest.

## FACTS

After the jury's verdict in the initial suit, Sutton filed a Notice of Intent to Appeal. On January 24, 1991, Sutton deposited $81,043.29[1] with the Richland County Clerk of Court, with the notation: "Case on Appeal—Judgment being de-

---

[1] That amount represented the judgment plus accrued interest of $30.68 per day.

posited to stay interest." After our opinion in *Russo I* was issued, Russo instituted this supplemental proceeding to recover post-judgment interest accrued during the pendency of the appeal in *Russo I*. The Master in Equity held that Sutton's deposit of the funds with the Richland County Clerk of Court in January, 1991 stopped accrual of post-judgment interest. Russo appeals. We reverse.

## ISSUE

Did Sutton's deposit of the judgment with the Clerk of Court stop accrual of post-judgment interest?

## DISCUSSION

S.C. Code Ann. § 34-31-20(B) (1987) provides:

All money decrees and judgments of courts enrolled or entered shall draw interest according to law. The legal interest rate shall be at the rate of fourteen percent per annum.

We have not previously specifically addressed whether a judgment debtor's deposit of a judgment into court, pending the debtor's own appeal of the judgment, stays accrual of post-judgment interest.

In a related context, we recognized the majority rule that a judgment creditor is not entitled to interest on the judgment obtained during the pendency of an unsuccessful appeal. *Sears v. Fowler*, 293 S.C. 43, 358 S.E. (2d) 574 (1987). The rationale for the rule is that a judgment creditor's appeal delays his right to the judgment, and the debtor, therefore, should not be required to pay interest. In a footnote, *citing Horry County v. Woodward*, 291 S.C. 1, 351 S.E. (2d) 877 (Ct. App. 1986), we stated, "We note that a judgment debtor may stop the running of interest by paying the amount of the judgment into court during the pendency of an appeal." 293 S.C. at 44, 358 S.E. (2d) at 574, n. 1.

*Woodward* was an interpleader action in which two parties (Woodward and Price) claimed title to property condemned by eminent domain; the circuit court ruled Woodward had title and ordered Horry County to pay compensation for the land. County paid the money into the court and Price appealed the issue of title. The circuit court held that Price was liable

for interest on the judgment since he had appealed and postponed Woodward's receipt of the judgment. The Court of Appeals reversed, finding 1) Horry County was the debtor and therefore liable for any interest, and 2) that County's payment of the judgment into Court stopped the running of judgment interest. 291 S.C. at 3, 351 S.E. (2d) at 878.

Similarly, in *Manning v. Brandon Corporation*, 163 S.C. 178, 161 S.E. 405 (1931), we recognized that a judgment debtor may prevent accrual of interest pending a creditor's appeal by paying the judgment into court, under an order of the court.

We agree with Sutton that the logical extension of these cases is that a judgment debtor's deposit of funds into the court pending his own appeal prevents further accrual of interest. Such a rule encourages the debtor to pay the judgment and assures the judgment creditor the funds will be available at the conclusion of the appeal. However, Rule 67, SCRCP,[2] provides, in part:

> In an action in which any part of the relief sought is a judgment for a sum of money . . ., a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. Money paid into the court under this rule shall be deposited as directed by the court in any bank or institution . . . and shall be withdrawn only upon the check of the clerk of court in favor of the party to whom the order of the court directs. (Emphasis supplied.)

This rule is consistent with our holding in *Manning* that a debtor may prevent accrual of interest by depositing the funds "under an order of the court." Accordingly, we hold that to stop accrual of interest, a debtor must comply with the pain plain language of Rule 67.[3] Here, Sutton failed to give notice to Russo that the funds were being deposited,[4] and failed to

---

[2] Contrary to Sutton's assertion, the SCRCP do apply to his deposit of funds with the clerk of court. *See* Rule 225, SCACR (lower court retains jurisdiction over matters not affected by the appeal).

[3] The court into which the fund is deposited may, in its discretion, order the fund be placed in an interest-bearing account.

[4] Russo did not learn of the deposit until Sutton filed a motion with this Court requesting the funds be placed in an interest-bearing account. As noted previously, this was a matter for the circuit court. *See* footnote 2.

obtain leave of the circuit court prior to depositing the funds. Accordingly, we hold Sutton's unilateral deposit of the funds insufficient to stop accrual of the interest mandated by § 34-31-20. The judgment below is

Reversed.

CHANDLER, C.J., FINNEY and TOAL, JJ., and JOHN C. HAYES, III, Acting Associate Justice, concur.