483 S.E.2d 796

**RENAISSANCE ENTERPRISES, INC., Respondent,**

v.

**OCEAN RESORTS, INC., Appellant.**

No. 2648.

Court of Appeals of South Carolina.

Submitted March 4, 1997.

Decided March 31, 1997.

Rehearing Denied June 19, 1997.

Craig A. Snook, of Leiter & Snook, Myrtle Beach, for appellant.

Dirk J. Derrick, Conway, for respondent.

HUFF, Judge.

Appellant, Ocean Resorts, appeals from an order of the master in equity granting respondent, Renaissance Enterprises, interest on an arbitration award at the rate specified by a contract between the parties from the date of the arbitration award, as well as attorneys fees. We affirm in part, reverse in part and remand.[1]

## FACTUAL/PROCEDURAL BACKGROUND

The case before us involves a somewhat complex procedural history. On December 6, 1989, Renaissance obtained an arbitration award against Ocean Resorts in the amount of $69,-566.73. Renaissance moved before the circuit court to have the award vacated and remanded or, in the alternative, to modify the award. The circuit court denied the motion and Renaissance appealed. On appeal, Renaissance asserted the arbitrators failed to consider the issue of military quarters profits owed as a result of Ocean Resorts's breach of contract between the parties. On December 29, 1992, this court filed its opinion affirming the circuit court, finding there was no evidence the arbitrators failed to consider the alleged breach of the military quarters provision in their award.

On February 10, 1993, Renaissance applied to the circuit court for an order *nunc pro tunc* confirming the award of the arbitrators as of December 6, 1989, the date of the arbitration award. On September 16, 1993, the circuit court issued its order denying Renaissance's motion to confirm the arbitration award as of December 6, 1989, but affirmed the award as of December 29, 1992. The circuit court noted Renaissance made the motion for the purpose of establishing December 6, 1989 as the date from which interest on the award would begin to accrue. The court found Renaissance, as an unsuccessful appellant judgment creditor, was not entitled to interest dur-

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

ing the pendency of the appeal. The court held, "As the South Carolina Court of Appeals did not file its Opinion until December 29, 1992, interest as a matter of law, would not begin accruing to [Renaissance] until this date." On October 5, 1993, the circuit court denied Renaissance's motion to alter or amend. No appeal was taken from these orders.

Thereafter, on September 7, 1994, Renaissance filed a petition for supplemental proceedings and obtained a rule to show cause and an order of reference, referring the case to the master in equity. On September 29, 1994, Ocean Resorts filed a motion for leave to deposit the sum of $99,497.24 with the court pursuant to Rule 67, SCRCP in order to stop the running of interest. That same day, a hearing was held before the master at which time Renaissance sought a determination that it was entitled to interest from December 6, 1989, the date of the arbitration award, at the rate of 1.5% compounded monthly pursuant to the terms of the contract. It further sought an award of attorney's fees and costs incurred in the supplemental proceeding. Ocean Resorts contended that the interest did not begin to accrue until December 29, 1992, the date of this court's opinion following the initial appeal, that the controlling rate of interest was 14% per annum pursuant to the statutory post-judgment interest rate, and that payment of the money into court would cease the running of interest. The master granted Ocean Resorts's motion to deposit the money and Ocean Resorts paid said sum into court.

By order filed December 29, 1995, exactly three years after the filing of this court's opinion following appeal of the arbitration award, the master found in favor of Renaissance on all issues. He found Renaissance was entitled to interest at the rate of 1.5% compounded monthly and the interest began to run from December 6, 1989, the date of the arbitration award. He further found the interest was not suspended during the appeal pursuant to the September 16, 1993 circuit court order, nor was it suspended by the payment of money into court on September 29, 1994. He thus concluded Renaissance was due $243,788.27 as of December 14, 1995. Finally, he determined Renaissance was also entitled to attorney's fees of $2,086.93 incurred in the supplemental proceeding for a total judgment

of $245,875.20. Ocean Resorts filed a motion to reconsider on January 4, 1996 which was denied February 29, 1996.

## ISSUES

Ocean Resorts raises five issues on appeal. It contends:

(1) The master erred in determining post-judgment interest began to accrue on December 6, 1989;

(2) The master erred in holding that the interest rate stated in the contract controlled instead of the statutory post-judgment interest rate;

(3) The master erred in failing to hold Ocean Resorts's payment of monies into court suspended the accrual of interest;

(4) The master erred in awarding Renaissance attorney's fees associated with the supplemental proceeding; and

(5) The master erred in failing to hold a pending appeal in a related case between the parties precluded the court from deciding the issues presented in the supplemental proceeding.

## LAW/ANALYSIS

### Accrual Date of Interest

Ocean Resorts first contends the master erred in determining interest began to run on December 6, 1989 instead of December 29, 1992. We agree.

The September 16, 1993 order of the circuit court specifically held that interest would not begin to accrue until December 29, 1992, as Renaissance was an unsuccessful judgment creditor. The court specifically noted the reason Renaissance sought the order was to begin the accrual of interest as of the date of the arbitration award. Because Renaissance failed to appeal this order, it is the law of the case. *Belton v. State*, 313 S.C. 549, 443 S.E.2d 554 (1994). An appealable order from which no appeal is taken becomes the law of the case in all subsequent proceedings involving the same parties on the same subject matter. *Professional Bankers Corp. v. Floyd*, 285 S.C. 607, 331 S.E.2d 362 (Ct.App.1985). This

doctrine operates only as to matters concluded by the unappealed order. *Id.* at 613, 331 S.E.2d at 365.

Renaissance asserts, however, and the master found, that the circuit court order was not controlling because the circuit court found interest would not accrue "as a matter of law" until the December 29, 1992 filing of this court's opinion. It is argued this finding was made in regard to the legal rate of interest under the post-judgment interest statute and the order made no finding as to interest as a matter of contract. We find no merit to this argument. The circuit court order involved the same parties and the same issue raised in the supplemental proceeding of when interest began to accrue. The circuit court order made no mention of the legal rate of interest imposed pursuant to the post-judgment interest statute. The fact that the circuit court judge found interest would run from December 29, 1992 "as a matter of law" is of no consequence. Such a finding is not, as argued by Renaissance, an indication the circuit court was ruling solely on the accrual of interest at the legal rate as mandated by statutory law. The phrase "as a matter of law" refers to all law, including the common law relating to contracts. We therefore find the issue of the time at which interest began to accrue was concluded by the unappealed order and is thus the law of the case.

## Rate of Interest

Ocean Resorts further contends the master erred in finding the contractual rate of interest of 1.5% compounded monthly applies instead of the 14% interest per annum imposed by statute. We disagree.

The contract between the parties provides as follows:

Fee and/or fees ... will be paid by [Ocean Resorts] to [Renaissance] on or about the 15th of the month following the departure or check-out of the guest or group of guests. Should fee or fees not be paid by [Ocean Resorts] to [Renaissance] on or about the 15th of the month following departure, monies due [Renaissance] will accrue interest at the rate of 1.5% per month compounded monthly.

Citing the 1881 case of *Moore v. Holland,* 16 S.C. 15 (1881), Ocean Resorts asserts the terms of the contract merged into the judgment and the proper rate of interest is the statutory

rate of 14% per annum pursuant to S.C.Code Ann. § 34–31–20(B) (1987). This code section provides as follows:

All money decrees and judgments of courts enrolled or entered shall draw interest according to law. The legal interest shall be at the rate of fourteen percent per annum.

In *Turner Coleman, Inc. v. Ohio Construction & Engineering, Inc.,* 272 S.C. 289, 251 S.E.2d 738 (1979), our Supreme Court held the statutory interest rate under § 34–31–20(B) is applicable only in the absence of a written agreement between the parties fixing a different rate of interest. If a contract has specified a lawful rate of interest to be paid after maturity, the same rate will apply on the judgment entered on the contract. In the *Moore* case, *supra,* relied on by Ocean Resorts, the court held the rate of interest to be applied to a judgment on a note was the statutory rate of 7% per annum and not the rate of 16% per annum as provided in the note. The *Turner* court distinguished *Moore* on the basis that the evidence in *Moore* did not show the *note,* which specified an interest rate of 16%, contained an agreement by the parties that the *judgment* should bear interest at 16%. In other words, the note apparently stated a discount rate of 16%, but made no reference to any agreement that the 16% rate would apply subsequent to maturity of the note. The *Turner* court thus stated, "The absence of an express written agreement in *Moore* to pay an interest rate in excess of that provided by statute no doubt influenced the court to apply the statutory rate." *Turner,* 272 S.C. at 293, 251 S.E.2d at 741. Because the note in *Turner* provided that if it was not paid at maturity, it would bear interest at the rate of 12% per annum, it contained an express agreement fixing a rate different from the statute.

■ The contract in the case at hand stipulates that Ocean Resorts will pay an interest rate of 1.5% compounded monthly on all monies not paid when due under the terms of the contract. We therefore find there is an express agreement between the parties that interest will accrue at the rate of 1.5% compounded monthly on monies due, and that the same rate applies to the judgment entered on the contract.

## Payment of Monies into Court

Ocean Resorts also contends the master erred in holding its payment of monies into court did not stay the accrual of

interest. It asserts post-judgment interest ceased to accrue as of September 29, 1994 when it paid $99,497.24 into court.

In *Russo v. Sutton*, 317 S.C. 441, 454 S.E.2d 895 (1995), our Supreme Court was faced with the issue of whether a judgment debtor's deposit of a judgment into court pending the debtor's appeal would stay the accrual of post-judgment interest. In reaching its conclusion, the court considered cases involving the suspension of interest where a judgment creditor had appealed. The court, citing *Sears v. Fowler*, 293 S.C. 43, 358 S.E.2d 574 (1987), noted the majority rule is that a judgment creditor is not entitled to interest on the judgment obtained during the pendency of his unsuccessful appeal. The rationale behind the rule is that a judgment creditor's appeal delays his right to the judgment, and the debtor should not be required to pay interest. The court further noted a judgment debtor may prevent the accrual of interest pending a creditor's appeal by paying the amount of the judgment into court, under an order of the court. *See Horry County v. Woodward*, 291 S.C. 1, 351 S.E.2d 877 (Ct.App.1986) (payment of judgment into court is deemed to be payment of money for use of person entitled thereto and stops running of judgment interest).

The court in *Russo* found "the logical extension of these cases is that a judgment debtor's deposit of funds into the court pending his own appeal prevents further accrual of interest." 317 S.C. at 444, 454 S.E.2d at 896. The court thus held that a judgment debtor may stop the accrual of interest pending his own appeal by depositing funds into court, provided he complies with Rule 67, SCRCP.

This rule provides as follows:

In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. Money paid into the court under this rule shall be deposited as directed by the court in any bank or institution authorized to receive public funds,

and shall be withdrawn only upon the check of the clerk of court in favor of the party to whom the order of the court directs. (Amended effective May 1, 1986.)

Thus, under the rule, a party must give notice to every other party as well as obtain leave of court prior to depositing the funds. *Russo* at 444–445, 454 S.E.2d at 897.

■ Under *Russo*, when a judgment debtor properly deposits the funds into court pursuant to Rule 67, it is inconsequential whether it is the judgment creditor's action that has delayed his right to the judgment. We therefore find the logical extension of *Russo* allows a judgment debtor's deposit of funds into court during the pendency of supplemental proceedings challenging the amount due under a judgment to stop the further accrual of interest, provided the judgment debtor complies with Rule 67. We further note it is undisputed that Ocean Resorts gave notice to Renaissance and obtained leave of court prior to depositing the funds into court, and therefore fully complied with Rule 67, SCRCP.

■ We find no merit to Renaissance's argument that because the contract specified a particular rate of interest on monies due, that the deposit of the money into court could not stop the further accrual of interest. There is nothing in the case law nor in Rule 67 which would indicate this rule of law should not apply where the underlying contract specifies a rate of interest to accrue on monies due. While such an agreement between the parties mandates that the contract rate of interest controls the rate to be applied to a judgment, there is no express agreement between the parties preventing the application of the rule of law allowing the deposit of funds into court to stop the accrual of interest. Accordingly, we hold Ocean Resorts's payment of monies into court stopped the accrual of interest on that portion of the judgment paid. Because Ocean Resorts determined the amount owed based on an interest rate of 14% per annum, the $99,497.24 paid into court obviously does not encompass the entire amount due. Accordingly, we reverse the master's holding that the payment did not stop the accrual of interest on the portion of funds paid into court, and we remand for a determination of the amount due based on an interest rate of 1.5% compounded monthly from December 29, 1992 through September 29, 1994. After subtracting the amount paid into court from the amount

due as of September 29, 1994, the master shall then determine interest due on the remaining balance at the contractual rate of interest.

## Attorney's Fees

Ocean Resorts next contends the master erred in awarding Renaissance attorney's fees associated with the supplemental proceeding. We disagree.

Ocean Resorts's entire argument consists of four sentences asserting the award of *any* fees was erroneous because Renaissance failed to establish its entitlement to such fees incurred in a supplemental proceeding. The contract between the parties contained the following provision:

> If arbitration and/or litigation shall become necessary, [Renaissance] shall be entitled to recover from [Ocean Resorts], reasonable attorney's fees ... and all other costs of such arbitration and/or litigation.

The contract between the parties clearly provided for the recovery of reasonable attorney's fees for necessary litigation. The supplemental proceeding was brought to collect on the debt owed pursuant to the contract. We find no reason that the agreement would not encompass fees incurred in this supplemental proceeding, brought in order to determine the amount due from the underlying proceeding. *See McDowell v. South Carolina Department of Social Services*, 304 S.C. 539, 405 S.E.2d 830 (1991) (wherein the Supreme Court found, where party was entitled to attorney's fees in underlying action pursuant to statute, that party was likewise entitled to attorney's fees for subsequent litigation over such fees incurred in supplemental proceeding). Accordingly, we find no error.[2]

## Related Action on Appeal

Finally, Ocean Resorts asserts the master erred in deciding the issues presented in the supplemental proceeding because

---

2. While we recognize the decision of this court reverses some of the master's rulings which were favorable to Renaissance, Ocean Resorts does not challenge the amount awarded or request redetermination of fees in light of the beneficial results obtained. It only challenges Renaissance's legal right to any such fees. Further the amount of fees awarded appears to be negligible in consideration of the amount of

the matter was not ripe for adjudication. It argues a circuit court ruling in another case between the parties granted summary judgment to Ocean Resorts on the ground that the contract between the parties had been terminated. At the time of the hearing in this matter, that case was on appeal. Because that case involved the same contract as the one in the case at hand, Ocean Resorts asserts a final determination in its favor in the related case would preclude Renaissance from obtaining a contractual rate of interest based on a terminated contract. While we find this argument to be totally without merit, we need not address Ocean Resorts's contentions, as this court has now ruled in favor of Renaissance in the related case, reversing the grant of summary judgment in favor of Ocean Resorts. *Renaissance Enterprises, Inc. v. Ocean Resorts, Inc.*, Op. No. 96–UP–169 (S.C.Ct.App. filed June 5, 1996). Accordingly, we find no error.

For the foregoing reasons, the order below is

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

GOOLSBY and CONNOR, JJ., concur.

---

money in dispute and the fact that not all issues have been resolved in favor of Ocean Resorts. We therefore decline to remand this issue for redetermination.