496 S.E.2d 884

James R. SMALL, Appellant,

v.

PIONEER MACHINERY, INC. and Timberjack Corporation, Respondents.

No. 2803.

Court of Appeals of South Carolina.

Submitted Feb. 3, 1998.

Decided Feb. 23, 1998.

J. Marvin Mullis, Jr. and Frank A. Barton, of Mullis & Barton, Columbia, for appellant.

Margaret C. Kelsy, Milwaukee, WI; Robert L. Widener, of McNair Law Firm; and Rebecca Laffitte, of Sowell, Todd, Laffitte, Beard, & Watson, Columbia, for respondents.

HEARN, Judge:

James Small received a $500,000 verdict against Pioneer Machinery Inc. and Timberjack Inc. (Respondents) in a product liability suit. Pioneer and Timberjack filed a motion pursuant to Rule 67, SCRCP, to deposit the amount of the verdict with the clerk of court pending resolution of its appeal of the case. The trial court granted the motion and ordered the funds deposited with the clerk of court. Small appeals from the trial court's calculation of post-judgment interest. We affirm as modified.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## *Facts*

Small received a jury verdict of $500,000 against Respondents on May 31, 1996. On August 27, 1996, Respondents filed a motion to deposit the amount of the verdict with the clerk of court pursuant to Rule 67, SCRCP, pending their appeal of the case to this court.[2] The trial judge held a conference call with counsel and was advised the parties were trying to resolve the matter by agreement. The record on appeal contains correspondence from defense counsel to plaintiff's counsel during November and December of 1996 discussing proposals to set up an account with Merrill Lynch for deposit of the funds. On January 7, 1997, the trial judge received correspondence from defense counsel stating the parties had been unable to resolve the matter and requesting a hearing.

By order dated February 7, 1997, the court granted the motion to deposit the funds. The trial judge held Pioneer had complied with the terms of Rule 67 and it would be an abuse of discretion to refuse to allow the funds to be deposited. He held interest at the rate of fourteen percent should be terminated as of the date of the motion to deposit, August 27, 1996, when Pioneer was prepared to pay the judgment amount to the clerk of court. He further ordered interest between that date and the actual date of the deposit to be calculated at eight percent. The trial judge based this compromise interest rate on the unsuccessful negotiations between the parties during the months following Pioneer's filing of the motion for which the judge could not assign responsibility.

## *Discussion*

Small argues the trial court erred in "relieving the respondents of their obligation to pay post-judgment interest." We disagree.

█ Small first contends Respondents filed their motion to deposit funds on August 27, 1996, without tendering to the clerk of court the total amount of the judgment ($500,000) plus accrued statutory interest as of that date. Accordingly, Small

---

**2.** This court affirmed the jury's verdict in *Small v. Pioneer Machinery, Inc. & Timberjack Inc.*, 329 S.C. 448, 494 S.E.2d 835 (Ct.App.1997).

argues Respondents failed to comply with Rule 67, SCRCP. We find no merit to this argument. By statute in South Carolina post-judgment interest accrues on all money judgments at a rate of fourteen percent. S.C.Code Ann. § 34–31–20(B) (1987) ("All money decrees and judgments of courts enrolled or entered shall draw interest according to law. The legal interest shall be at the rate of fourteen percent per annum.").

Rule 67, SCRCP, provides:

In an action in which any part of the relief sought is a judgment for a sum of money, . . . a party, **upon notice to every other party, and by leave of court,** may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. (emphasis added).

■ A judgment debtor's deposit of funds into the court pending his own appeal prevents further accrual of interest on the judgment. *Russo v. Sutton,* 317 S.C. 441, 444, 454 S.E.2d 895, 896 (1995). The deposit also benefits the judgment creditor in that it ensures the availability of funds to satisfy the judgment. *Id.* Respondents complied with the plain language of Rule 67 by giving notice to the other party and obtaining leave of the circuit court before depositing the funds with the clerk of court. *Id.* at 444, 454 S.E.2d at 897. We find no error.

■ Small also argues the trial court erred in reducing the interest rate from fourteen percent to eight percent for the period after August 27, 1996, until the date the funds were deposited. We agree. Post-judgment interest of fourteen percent accrues on all judgments until the judgment amount has been properly deposited with the court pursuant to Rule 67, SCRCP. *Id.* It is the final tender of the money to the court, rather than the filing of a motion requesting the court's permission to do so, which stays the accrual of interest. Thus, the trial court was without discretion to vary the statutory interest rate for the period of time between Pioneer's motion and the court's order. We therefore modify the court's order to the extent that it reduces the post-judgment interest rate from fourteen percent to eight percent for the time period of August 27, 1996 to February 7, 1997.

■ Finally, Small argues that because Respondents paid only eight percent interest for a portion of the time instead of the full fourteen percent, they did not tender the full amount owed and, hence, accrual of interest on the judgment has not been stayed during the appeal. We find this argument without merit. The respondents fully complied with the trial court's instruction by paying into court the amount ordered. The respondents could not have been expected to anticipate that the amount would be modified on appeal and thus to have paid more than ordered by the court. We therefore hold that the respondents' payment of funds into the court stayed the accrual of post-judgment interest.

Accordingly, the order of the trial court is

**AFFIRMED AS MODIFIED.**

GOOLSBY and STILWELL, JJ., concur.