513 S.E.2d 617

**RENAISSANCE ENTERPRISES, INC., a South Carolina Corporation, Petitioner,**

v.

**OCEAN RESORTS, INC., a South Carolina Corporation, Respondent.**

**No. 24904.**

Supreme Court of South Carolina.

Heard Dec. 2, 1998.

Decided Feb. 22, 1999.

Dirk J. Derrick, of Conway, for petitioner.

Craig A. Snook, of Leiter & Snook, of Myrtle Beach, for respondent.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

MOORE, Justice:

This case is before us to review the Court of Appeals' decision [1] holding that the deposit of money into court as provided in Rule 67, SCRCP, stops the accrual of interest pursuant to the contract between the parties. We reverse.

### FACTS

Petitioner (Broker) and respondent (Management Company) entered a contract whereby Broker would procure guests for Management Company's facilities in exchange for a 10% commission. The contract further provided that any commission not paid when due would accrue interest at the rate of 1.5% per month compounded monthly. When Management Company failed to pay commissions due, Broker submitted its claim to arbitration as required under the contract. On December 6, 1989, the arbitrators awarded Broker a total of $69,566 including interest under the contract. This award was affirmed.[2]

Broker subsequently commenced supplementary proceedings to collect on its judgment. In the course of these proceedings, the master held the contractual rate of interest of 1.5% per month compounded monthly applied to the judgment and that Management Company's payment of money into court [3] did not stop the accrual of interest.

Management Company appealed. The Court of Appeals reversed in part holding the payment of money into court stopped the accrual of interest pursuant to the contract. This is the only issue before us.

---

1. 326 S.C. 460, 483 S.E.2d 796 (Ct.App.1997).

2. 310 S.C. 395, 426 S.E.2d 821 (Ct.App.1992).

3. Management Company deposited funds by permission of the court on September 29, 1994.

## *ISSUE*

Does the payment of money into court stop the accrual of interest where the contract provides for interest to be paid on amounts past due?

## *DISCUSSION*

Management Company deposited money into court pursuant to Rule 67, SCRCP, which provides in pertinent part:

> In an action in which any part of the relief sought is a judgment for a sum of money ... a party, upon notice to every other party, and by leave of court, may deposit with the court all or part of the sum....

In *Russo v. Sutton*, 317 S.C. 441, 454 S.E.2d 895 (1995), we held a judgment debtor's deposit of funds into court pursuant to Rule 67 pending his own appeal stops the accrual of interest on the judgment. *See also Small v. Pioneer Machinery, Inc.*, 330 S.C. 62, 496 S.E.2d 884 (Ct.App.1998). The rationale was that "such a rule encourages the debtor to pay the judgment and assures the judgment creditor the funds will be available." 317 S.C. at 442, 454 S.E.2d at 896.

The Court of Appeals found it was a "logical extension" of *Russo* to hold the deposit of money into court pursuant to Rule 67 during the pendency of supplemental proceedings stops the accrual of interest. Further, it rejected Broker's contention that the contractual provision for interest on past due monies abrogated the effect of a deposit into court pursuant to Rule 67. Broker argues this was error. We agree.

In *Turner Coleman, Inc. v. Ohio Constr. & Eng., Inc.*, 272 S.C. 289, 251 S.E.2d 738 (1979), we held contractual interest rates prevailed over statutory post-judgment interest rates because there was nothing in the statute providing for post-judgment interest rates [4] to override the intent of the parties expressed in their contract regarding the appropriate interest rate. Accordingly, we concluded the post-judgment statutory rate applied only where there was no contractual interest rate; where the contract provided a rate of interest, that rate would apply to a judgment entered on the contract.

---

4. S.C.Code Ann. § 34–31–20 (1987).

Similarly, there is nothing in Rule 67 indicating a deposit into court will affect the parties' contract regarding interest. Although *Turner Coleman* involved interest *rates,* the principal is analogous in this case where the contract provides for the accrual of interest without providing accrual will stop before actual payment.

Further, Rule 67 is substantially the same as the federal rule allowing a deposit into court. *See* Rule 67, Fed.R.Civ.P. Federal courts have uniformly held that Rule 67 "cannot be used as a means of altering the contractual relationships and legal duties of the parties." *LTV Corp. v. Gulf States Steel, Inc.,* 969 F.2d 1050, 1063 (D.C.Cir.1992); *In re: Dept. of Energy Stripper Well Exemption Litigation,* 124 F.R.D. 217, 218–19 (D.Kan.1989); *Prudential Ins. Co. v. BMC Indus.,* 630 F.Supp. 1298, 1300 (S.D.N.Y.1986). Stopping the contractual accrual of interest would in effect substitute the interest rate of the court's deposit account for that provided by contract which the court has no authority to do. *LTV Corp. v. Gulf States Steel, Inc., supra.*

In conclusion, a deposit into court pursuant to Rule 67 does not stop the accrual of interest provided by contract. This holding of the Court of Appeals is

**REVERSED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.