529 S.E.2d 566

**Albertha M. DUVAL, as Personal Representative of the Estate of Edward Duval, Sr., Respondent/Appellant,**

v.

**HERITAGE LIFE INSURANCE COMPANY, United Companies Lending Corporation and Loan Finders of South Carolina, Inc., Defendants,**

of whom Heritage Life Insurance Company
is, Appellant/Respondent.

**No. 3143.**

Court of Appeals of South Carolina.

Heard March 7, 2000.
Decided April 3, 2000.
Rehearing Denied May 27, 2000.

James E. Lady, William C. Cleveland, and Todd W. Smyth, all of Haynsworth, Marion, McKay & Guerard, Charleston, for appellant/respondent.

George J. Kefalos; and C. Steven Moskos, both of Charleston, for respondent/appellant.

GOOLSBY, Judge:

Heritage Life Insurance Company filed a motion with the trial court to deposit a judgment in favor of Albertha M. Duval, as Personal Representative of the Estate of her husband, Edward Duval, Sr., to stop the accrual of statutory post-judgment interest pending both parties' appeals in the underlying action. The trial court granted the motion and ordered Heritage to include with the deposit the statutory interest that accrued from the date of the judgment to the date of the deposit of funds into a Merrill Lynch account. Heritage appeals arguing Duval is not entitled to any statutory interest because she appealed the insufficiency of the award in the underlying action. Duval cross-appeals asserting the judg-

ment debtor's deposit of the funds should not stop the accrual of statutory interest. We affirm.

## FACTS

Duval sued Heritage for breach of contract and bad faith failure to pay the proceeds of a life insurance policy. A jury found in favor of Duval on the contract claim and in favor of Heritage on the bad faith claim. On December 2, 1997, the trial court denied both parties' motions for judgment notwithstanding the verdict, but granted Duval's motion for pre-judgment interest accruing from the date Heritage denied her claim. The total award, including the breach of contract judgment and pre-judgment interest, was $110,639.71. Duval and Heritage appealed.[1]

Heritage filed in the supreme court a motion to deposit the amount of the judgment and pre-judgment interest with the court of appeals pending the outcome of the parties' appeal. After the supreme court transferred the appeal, this court denied the motion, finding Heritage should direct the motion to the trial court. Heritage subsequently filed a motion in the trial court to deposit $110,639.71. Heritage asserted Duval was not entitled to any post-judgment interest because she was the first to appeal the underlying jury verdict of $87,-571.70. Heritage sought to avoid any argument over Duval's entitlement to post-judgment interest by depositing the funds with the court, thereby terminating the accrual of statutory interest. Duval opposed the motion, asserting she was entitled to post-judgment interest during the pendency of Heritage's appeal. She also argued against precedent that a judgment debtor should not be allowed to avoid post-judgment interest by depositing the judgment amount with the court.

The trial court granted Heritage leave pursuant to Rule 67, SCRCP, to deposit with the clerk of court the judgment amount plus additional interest accruing on that amount at the post-judgment interest rate of fourteen percent per annum from the date of judgment until the date of deposit. The court then ruled that statutory post-judgment interest would

---

1. This court affirmed, *Duval v. Heritage Life Insurance Co.*, 99–UP–00428 (S.C.Ct.App. filed August 17, 1999), and denied the petition for rehearing on November 16, 1999.

not accrue upon deposit of the funds into an interest-bearing Merrill Lynch account. Regarding Duval's entitlement to post-judgment interest during the pendency of Heritage's appeal, the court found the issue to be unripe because the court could not ascertain whether Duval would be an unsuccessful judgment creditor in the appeal on the merits.

## DISCUSSION

### Heritage's appeal

■ Heritage argues Duval is not entitled to any post-judgment interest or interest that accrues on the deposited amount because she appealed the underlying order of judgment. We disagree.

In *Sears v. Fowler*,[2] the supreme court, adopting the majority rule, held "[a] judgment creditor who appeals based on the insufficiency of the verdict is not entitled to interest during the pendency of the appeal when the verdict is later upheld." The rationale for the rule is that a judgment creditor's appeal delays his or her right to the judgment, and the debtor, therefore, should not be required to pay interest.[3]

Duval, however, did not appeal the insufficiency of the judgment by challenging the amount of the jury's award on her breach of contract claim. Instead, she appealed the verdict in favor of Heritage on the bad faith claim. Duval argued the trial court erred in failing to grant her a directed verdict motion on the contract claim. Duval maintained the jury verdict on the bad faith cause of action may have differed if a breach of the contract had been established as a matter of law because the jury would no longer have been considering whether a contract existed between the parties. Duval was appealing, therefore, the issue of liability and not the inadequacy of the award.

Heritage's appeal, rather than Duval's appeal, delayed her receipt of the judgment. We find Duval is entitled to the

---

2. 293 S.C. 43, 46, 358 S.E.2d 574, 575 (1987). *See also* Jay M. Zitter, Annotation, *Running of Interest on Judgment Where Both Parties Appeal*, 11 A.L.R.4th 1099 (1982).

3. *Russo v. Sutton*, 317 S.C. 441, 454 S.E.2d 895 (1995).

post-judgment interest that accrued prior to Heritage's depositing of the funds with the clerk of court and the interest on the deposited funds that accrued pending the appeal of the underlying order.

## Duval's appeal

■ Duval argues against precedent that a judgment debtor should not be allowed to avoid post-judgment interest by depositing the amount of the judgment with the court. We disagree.

In *Russo v. Sutton*,[4] the supreme court held a judgment debtor's deposit of funds into court pursuant to Rule 67, SCRCP, pending the debtor's own appeal stops the accrual of interest on the judgment. The rationale was that "such a rule encourages the debtor to pay the judgment and assures the judgment creditor the funds will be available."[5] This court has followed that rule.[6]

The court of appeals is bound by the decisions of the supreme court.[7] Where the law is unmistakably clear, this court has no authority to change it.[8] We affirm the trial court on this issue.

**AFFIRMED.**

CONNOR and HOWARD, JJ., concur.

■

---

4. *Id.*

5. *Id.* at 442, 454 S.E.2d at 896.

6. *See, e.g.; Small v. Pioneer Machinery, Inc.,* 330 S.C. 62, 496 S.E.2d 884 (Ct.App.1998).

7. S.C. Const. art. V, § 9 ("The decisions of the Supreme Court shall bind the Court of Appeals as precedents.").

8. *Shea by Reynolds v. State Department of Mental Retardation,* 279 S.C. 604, 310 S.E.2d 819 (Ct.App.1983), *overruled on other grounds, McCall v. Batson,* 285 S.C. 243, 329 S.E.2d 741 (1985).