631 S.E.2d 533

**SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Condemnor, Respondent,**

v.

**FIRST CAROLINA CORPORATION OF SOUTH CAROLINA, Landowner, and Edisto Farm Credit, ACA, Mortgagee, Other Condemnees,**

**of whom First Carolina Corporation of South Carolina is Appellant.**

**No. 26163.**

Supreme Court of South Carolina.

Heard April 6, 2006.

. Decided June 12, 2006.

Daniel E. Henderson, of Peters, Murdaugh, Parker, Eltzroth & Detrick, of Ridgeland, and Thomas A. Holloway, of Harvey & Battey, of Beaufort, for Appellant.

B. Michael Brackett, of Moses, Koon & Brackett, of Columbia, for Respondent.

Chief Justice TOAL:

This case arises out of a condemnation action by South Carolina Department of Transportation (SCDOT). First Carolina Corporation of South Carolina (First Carolina) initiated a suit to determine the value of the condemned property. After the jury returned a verdict, SCDOT moved to deposit the judgment with the court pursuant to Rule 67, SCRCP, in order to stop the accrual of post-judgment interest during SCDOT's appeal. The trial judge granted the motion. First Carolina appealed, and we reverse.

### FACTUAL/PROCEDURAL BACKGROUND

SCDOT condemned approximately eight (8) acres of land belonging to First Carolina. The condemned property was part of a four hundred (400) acre planned unit development. First Carolina initiated an action to determine the amount of compensation owed by SCDOT for the condemnation of First Carolina's property. The jury returned a verdict of

$1,990,975.00; of which $640,300.00 was for the land acquired and $1,350,675.00 for the damage to the remainder.

 The trial court denied SCDOT's post trial motions, and SCDOT appealed. Pursuant to Rule 67, SCRCP, SCDOT also sought to deposit with the court the judgment amount plus accrued statutory interest, less the draw down amount.[1] First Carolina objected. However, the court granted SCDOT's motion, allowing it to deposit the funds and stop the accrual of post judgment interest. First Carolina appealed raising the following issue for review:

Did the trial court err by allowing SCDOT to deposit the judgment amount pursuant to Rule 67, SCRCP, in order to stop the accrual of post-judgment interest?

## STANDARD OF REVIEW

 The granting of leave to deposit money with the court pursuant to Rule 67, SCRCP is a matter within the discretion of the trial court and will not be overturned absent an abuse of that discretion. *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir.1990). An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support. *Conner v. City of Forest Acres*, 363 S.C. 460, 467, 611 S.E.2d 905, 908 (2005).

## LAW/ANALYSIS

 First Carolina argues that the trial court erred in allowing SCDOT to deposit the condemnation judgment funds pursuant to Rule 67, SCRCP in order to stop the accrual of post-judgment interest during the appeals process. We agree.

 The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Hodges*

---

1. "Draw down" refers to the condemnees' right to a portion of funds on deposit with clerk of court after the condemnor has taken possession. "Upon written application, in form satisfactory to the clerk of court, by all named condemnees at any time after which the condemnor has taken possession, when the right to take is not contested, the clerk of court shall pay to them the amount applied for up to fifty percent of the funds deposited with the clerk of court by the condemnor in that action." S.C.Code Ann. § 28-2-480 (2005).

*v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) (citations omitted). All rules of statutory construction are subservient to the maxim that legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in light of the intended purpose of the statute. *McClanahan v. Richland County Council,* 350 S.C. 433, 438, 567 S.E.2d 240, 242 (2002). Whenever possible, legislative intent should be found in the plain language of the statute itself. *Whitner v. State,* 328 S.C. 1, 6, 492 S.E.2d 777, 779 (1997). "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Hodges,* 341 S.C. at 85, 533 S.E.2d at 581.

The Eminent Domain Procedure Act (the Act) provides:

[a] condemnor shall pay interest at the rate of eight percent a year upon sums found to be just compensation by the appraisal panel or judgment of a court to the condemnee. This interest shall accrue from the date of filing of the Condemnation Notice through the date of verdict or judgment by the court. Interest accruing on funds on deposit with the clerk of court must be offset against the interest computed pursuant to this section. Interest shall not accrue during the twenty-day period commencing upon the date of verdict or order of judgment. *If the judgment is not paid within the twenty-day period, interest at the rate provided by law for interest on judgments must be added to the judgment. Thereafter, the entire judgment shall earn interest at the rate provided by law for interest on judgments.*

S.C.Code Ann. § 28–2–420(A) (2005) (emphasis added). The Act also provides that "[i]n the event of conflict between this act and the South Carolina Rules of Civil Procedure, this act shall prevail." S.C.Code Ann. § 28–2–120 (2005).

 Rule 67, SCRCP, allows a judgment debtor to avoid further accrual of post-judgment interest pending the resolution of an appeal from the judgment by depositing the judgment with the court. *Russo v. Sutton,* 317 S.C. 441, 444, 454 S.E.2d 895, 896 (1995). The rule provides:

[i]n an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing. Money paid into the court under this rule shall be deposited as directed by the court in any bank or institution authorized to receive public funds, and shall be withdrawn only upon the check of the clerk of court in favor of the party to whom the order of the court directs.

Rule 67, SCRCP.

The Act clearly requires post judgment interest to be added to any judgment which is not paid within the twenty day period. Any deposit under Rule 67, SCRCP, would be in direct contravention of the Act's requirement that post-judgment interest be added to the condemnation judgment. To resolve the inherent conflict between these provisions, we need look no further than the clear and unambiguous language of the statute. Section 28–2–120 mandates that in the event of conflict, the Act prevails over the rules of civil procedure. Accordingly, the trial court erred in allowing SCDOT to deposit the judgment funds in order to stop the accrual of post-judgment interest.

SCDOT relies on *South Carolina Dept. of Transp. v. Faulkenberry*, 337 S.C. 140, 522 S.E.2d 822 (Ct.App.1999) to support its position that a deposit pursuant to Rule 67, SCRCP, does not conflict with the Act, and that the deposit should be allowed to stop the accrual of post-judgment interest. This reliance is misplaced.

First, *Faulkenberry* is primarily a case involving pre-judgment interest. In *Faulkenberry,* the landowner was paid $863,574 as just compensation upon SCDOT's filing of a condemnation action. After trial, the jury awarded the landowner $2,396,100. The landowner claimed that he was due prejudgment interest on the full jury verdict under § 28–2–420 from the date of condemnation through the date of the verdict. SCDOT contended that the landowner was entitled to interest only on the difference between the jury verdict and

the initial payment. The court of appeals held 'that the landowner was entitled to interest only on the condemnation award in excess of the amount he was originally paid. *Faulkenberry*, 337 S.C. at 156, 522 S.E.2d at 830.

Additionally, *Faulkenberry* does not address deposits with the court pursuant to Rule 67, SCRCP.[2] The only reference to deposits in *Faulkenberry* relates to deposits made pursuant to § 28–2–90(3). The fundamental difference between these two types of deposits is that the landowner has the right to withdraw the funds deposited under § 28–2–90(3), whereas that same right does not apply under Rule 67, SCRCP. Accordingly, *Faulkenberry* does not address the present issue, and can not be relied upon to show that there is no conflict between Rule 67, SCRCP, and § 28–2–420.

Accordingly, the clear and unambiguous language of § 28–2–420(A) and § 28–2–120 require post-judgment interest to accrue on any judgment not paid within twenty days of the entry of the order of the judgment. Therefore, we find that the trial court abused its discretion by allowing SCDOT to deposit the judgment funds and stop the accrual of post-judgment interest.

## CONCLUSION

Based on the foregoing, we reverse the trial court's order granting SCDOT's motion to deposit judgment funds.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

2. *Faulkenberry* cites *Russo v. Sutton*, 317 S.C. 441, 454 S.E.2d 895 (1995), for the proposition that compliance with Rule 67, SCRCP, would prevent the accrual of interest on a judgment debtor's deposit of funds with the court. However, it is important to note the *Russo* is not a condemnation action; *Russo* is an action concerning criminal conversation and alienation of affection.

Additionally, both *Faulkenberry* and *Russo* cite *Horry County v. Woodward*, 291 S.C. 1, 351 S.E.2d 877 (1986), for the proposition that "[p]ayment of a judgment into court is deemed to be a payment of money for the use of the person entitled thereto and stops the running of judgment interest." *Woodward*, 291 S.C. at 3, 351 S.E.2d at 878. While this statement may be applicable to Rule 67, SCRCP, in general, it is no longer applicable in relation to the Eminent Domain Procedure Act. *Woodward* relied on S.C.Code Ann § 28–5–320 (1976), *repealed by* 1987 Act No. 173.