**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wedgewood Condominium Association, Appellant,

v.

Centex Homes, a Nevada General Partnership; Balfour Beatty Construction, LLC as Successor by Merger to Centex Construction Company, Inc., and Centex Construction, LLC; Crescent Engineering, Inc., Defendants,

Of which Centex Homes, a Nevada General Partnership; Balfour Beatty Construction, LLC as Successor by Merger to Centex Construction Company, Inc., and Centex Construction, LLC, are the Respondents.

Appellate Case No. 2023-001150

———————

Appeal From Horry County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-324
Heard June 10, 2025 – Filed September 24, 2025

———————

**AFFIRMED**

———————

Gene McCain Connell, Jr. and Lawrence Sidney Connor, IV, both of Kelaher Connell & Connor, PC, of Surfside

Beach; and Stacy L. Stanley, of Stanley Law Firm, LLC, of Little River, for Appellant.

Thomas C. Hildebrand, Jr. and William Green DesChamps, IV, both of Parker Poe Adams & Bernstein, LLP, of Charleston; Katon Edwards Dawson, Jr., of Parker Poe Adams & Bernstein, LLP, of Columbia; Jeffrey A. Turner and Stephanie A. Douglas, both of Bush Seyferth, PLLC, of Troy, Michigan; and Paul Nicholas Nybo, of Hudson Lambert Parrott, LLC, of Charleston; all for Respondents.

---

**PER CURIAM:** Wedgewood Condominium Association (Wedgewood) appeals the circuit court's grant of Centex Homes's, Balfour Beatty Construction, LLC's, and Centex Construction, LLC's (collectively, Centex's) motion to deposit funds with the court pursuant to Rule 67 of the South Carolina Rules of Civil Procedure in satisfaction of a $6.75 million jury verdict against them. We affirm.

1. As to Wedgewood's argument the circuit court erred in granting Centex's motion because section 34-31-20 of the South Carolina Code (2020) conflicts with Rule 67, SCRCP, we find no error.[1] *See S.C. Dep't of Transp.*, 369 S.C. at 153, 631 S.E.2d at 535 ("The granting of leave to deposit money with the court pursuant to Rule 67, SCRCP[,] is a matter within the discretion of the trial court and will not be overturned absent an abuse of that discretion."); *id.* ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); Rule 67, SCRCP ("In an action in which any part of the

---

[1] We recognize Rule 67 does not stop the accrual of postjudgment interest on cases with a governing contractual interest provision or in eminent domain proceedings. *See Renaissance Enters., Inc. v. Ocean Resorts, Inc.*, 334 S.C. 324, 326-27, 513 S.E.2d 617, 618-19 (1999) (holding "a deposit into court pursuant to Rule 67 does not stop the accrual of interest provided by *contract*." (emphasis added); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 369 S.C. 150, 155, 631 S.E.2d 533, 536 (2006) (holding the trial court abused its discretion by allowing the deposit of funds pursuant to Rule 67 because the *Eminent Domain Procedure Act* explicitly required postjudgment interest for a condemnation judgment and specifically provided that in the event of a conflict, it prevailed over the rules of civil procedure).

relief sought is a judgment for a sum of money . . . , a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing . . . ."); S.C. Code Ann. § 34-31-20(B) ("A money decree or judgment of a court enrolled or entered must draw interest according to law. The legal rate of interest is equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus four percentage points, compounded annually."); *Russo v. Sutton*, 317 S.C. 441, 444, 454 S.E.2d 895, 896 (1995) (holding "a judgment debtor's deposit of funds into court [pursuant to Rule 67] pending his own appeal prevents further accrual of interest"); *Small v. Pioneer Mach., Inc.*, 330 S.C. 62, 64-65, 496 S.E.2d 884, 885 (Ct. App. 1998) (affirming the circuit court's grant of a motion to deposit $500,000 based on a damages award pursuant to Rule 67 when the defendant had complied with the requirements of Rule 67 and noting that the "judgment debtor's deposit of funds into the court pending his own appeal prevents further accrual of interest on the judgment"); *Duval v. Heritage Life Ins. Co.*, 339 S.C. 616, 620, 529 S.E.2d 566, 568-69 (Ct. App. 2000) (affirming the trial court's allowing a judgment debtor to avoid postjudgment interest by depositing the amount of the judgment with the court and stating it was bound by the clear precedent in *Russo*); *Zurich Am. Ins. Co. of Ill. v. Palmetto Cont. Servs., Inc.*, 434 S.C. 104, 110, 862 S.E.2d 714, 717 (Ct. App. 2021) (noting that when our state rule is substantially the same as the federal rule, the court can analyze federal case law interpreting the federal rule when deciding issues related to our state rule); *Renaissance Enters., Inc.*, 334 S.C. at 327, 513 S.E.2d at 619 ("Rule 67 is substantially the same as the federal rule allowing a deposit into court."); *Zelaya/Cap. lnt'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1303 (11th Cir. 2014) ("The federal courts . . . have overwhelmingly held that post[-]judgment statutory interest stops accruing once the disputed funds are deposited into the court's registry."); *Russo*, 317 S.C. at 443, 454 S.E.2d at 896 (explaining the cessation of postjudgment interest under Rule 67 "encourages the debtor to pay the judgment and assures the judgment creditor the funds will be available at the conclusion of the appeal").

2. As to Wedgewood's remaining arguments, we find these issues either unpreserved or abandoned. Regarding both its contention that the circuit court abused its discretion in granting Centex's motion because Centex has a high net worth and its assertion and that Rule 67 is inapplicable when a defendant contests liability, we find these arguments unpreserved. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Byrd ex rel. Julia B. v. McLeod Physician*

*Assocs. II*, 427 S.C. 407, 418, 831 S.E.2d 152, 157 (Ct. App. 2019) ("Furthermore, 'a party cannot argue one ground at trial then another ground on appeal[.]'" (quoting *State v. McCray*, 332 S.C. 536, 542, 506 S.E.2d 301, 303 (1998))). Regarding Wedgewood's claim the circuit court erred in granting Centex's motion because it resulted in Centex getting an interest-free appeal, we find this issue abandoned. *See R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory."); *Med. Univ. of S.C. v. Arnaud*, 360 S.C. 615, 620, 602 S.E.2d 747, 750 (2004) (noting issues are deemed abandoned when the arguments on those issues are conclusory).

**AFFIRMED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**