The opinion of the Court was delivered by
Wardlaw, J.
The covenant of the defendant is according to the form contained in our Act of 1795, (5 Stat. 266,) and is what we usually call the general warranty.
The ingenious argument, which has been presented on the part of the defendant,- to show that the assignee of such a general covenant cannot maintain an action thereon in his own name, is founded upon the confusion which has been produced by the different senses in which the term real in its application.. to covenants has been used; and upon a difference which Seems to obtain between English and American authorities concerning the right of an assignee under a covenant of seizin,, a covenant of power to convey, a covenant of present freedom from' incumbrances, or other covenant for title which m.a,y be broken as soon as made. It is unnecessary to enter inpo explanation now. Those who choose to examine the subject will'find 'enough to direct, if not to satisfy, their inquiries, in Platt on Covenants, Ch. 2, Sect. 4; Ch. 11; Sugden on Vendors, Ch. 13; 4 Kent, Com. L. 67; 2 Bla. Com. 300-5.
Whatever maybe thought the true doctrine as to those covenants last mentioned, whereby the present condition of things *377 is stipulated, there is no doubt that under a covenant with a vendee and his assigns, for future acts, or against future evils (sucji as a covenant that the grantor will make further assurance, or that the grantee and his assigns shall quietly enjoy, or shall enjoy free from all incumbrance,) an assignee’s claim of damages for a breach subsequent to the accrual of his right, is not subject to the common law objection against the assign-' ment of a chose in action; and, that all covenants connected with the estate, and beneficial only to its owner, run with the land, whether we choose to bring them under some definition of real covenants, or call them, as distinguished from the ancient warranty, personal covenants. A covenant is beneficial only to the owner of the estate, when it is such that for the breach of it, not occurring until the land has descended to an heir, the executor of the covenantee could make no complaint, or from a breach of it subsequent to a conveyance to an assignee, the assignee only would sustain damage.
In the case of Brisbane vs. McCrady, (1 N. & McC. 104,) decided in 1818, (our leading case concerning an assignee’s right under covenants running with the land,) the covenant was, that the land was free from ineumbranees, which, in passing, we may observe, was treated just as if it had been a covenant that the grantee and his assigns should, enjoy, and that free from ineumbranees. If the covenant in,* before us is not distinguishable in effect from case, the assignee under the authority of tha1 tain his action here.
It is said, that the covenant now in hand is nant of seisin. The case of Mackey vs. Collins, 2 N. & McC. 186,) decided in 1819, that our general warrantj^lir the effe of a covenant of seisin, and that an action would litISiir^%^|ire eviction, as by defect of title it was broken as soon as made. That case was followed by Johnson vs. Veal, (3 McC. 449,) and by many cases since, which have held, that an action brought before eviction for breach of the covenant of seisin, is, *378 under the peculiar provision of our statute of limitations in relation to actions of covenant, barred after four years from the date of the covenant. But it has never been decided that our statutory covenant is nothing more than a covenant of seisin. The difficulty was to find the covenant of seisin in it, not to perceive in it other matters more plainly manifest. The case of Pringle vs. Witten, 1 Bay, 256, decided before the Act of 1795, was upon a lease and release that contained an express covenant of seisin ; but words concerning “ a covenant for good title and for the whole quantity,” which in the report are ascribed to the Court, led to the decision in Mackey vs. Collins, after Sumter vs. Welsh, (2 Bay, 558); Furman vs. Elmore, (2 N. & McC. 189); and other cases had established the right of a purchaser to show before eviction, deficiency of title in defence of an action for the purchase-money. All of these cases, however, indeed all of our cases on the subject, from Hunt vs. Lewis, (1 Bay, 159,) down, have held that of a covenant for quiet enjoyment, there is no breach before eviction or its equivalent, and this last-mentioned case declared proof of eviction to be necessary to the action when the covenant was to warrant and defend. It is much more consistent with the form of the covenant and with the natural sense of its terms, to say that our general warranty contains a covenant for quiet enjoyment free from incumbrance,.than to say that it contains a covenant of seisin. It is advancing the purpose of the Legislature, promoting the usual intention of parties, and subserving the ends of justice, to say that it contains all the five covenants which English conveyancers usually insert in conveyances in fee simple, to wit.: first, that the vendor is seised in fee; second, that he has right to convey; (which two are synonympus, except where the conveyance is made under a power distinct from the seisin;) third, that the vendee, his heirs and assigns, shall quietly enjoy; fourth, and that free from all incumbrances; (which last two may be united in one;) and fifth, for further assurances. Of the fifth only there is *379 doubt; but as to all rights acquired by the vendor subsequently to his conveyance, the application of the doctrine of estoppel, to some extent, answers the purpose of this covenant, and perhaps recognizes its existence in a general warranty. (See Craig vs. Reeder, 3 McC. 411.) The vendor has full liberty to modify the covenants according to his agreement, and when he inserts only the- general warranty, the large, unlimited obligation plainly expressed thereby, may' well be understood to embrace all the usual covenants for title. It is enough for this ease, however, to show that it includes either the third or the fourth of those covenants as above enumerated ; and that it includes both of them, we think has been all along a conceded point, from which the efforts made in our cases before cited to find' the covenant of seisin have started. In all of those cases, if there had been eviction there would have been no doubt, and the plaintiff, who in any of them alleging a covenant of seisin, was barred by the statute of limitations, might afterwards, upon allegation of a1 covenant for quiet enjoyment, and proof of an eviction, have recovered in a new action brought within due time after the eviction.
But taking our general warranty according to its words, without any reference to the usual covenants for title, and interpreting the word warrant according to its modern sense, we see that a covenant “ to warrant and forever defend all and singular the premises against all persons lawfully to claim the same or any part thereof,” binds the covenantor to defend every portion of the land conveyed, against all suits of which due notice shall be given to him, and in case of the lawful eviction of the vendee or his assigns, to pay the legal damages occasioned thereby. Future acts, future evil, and future indemnity, are plainly contemplated, and obscurity can be imputed only to the stipulation as to present right, which has been held to be involved.
The preceding observations dispose of all the defendant’s objections except that which has been grounded upqn a dis *380 tinction between a right of dower consummated by the death of the dowress’ husband before the date of the conveyance, and a contingent right existing in a wife, whose husband was then living. The former was the dower considered an incumbrance in the case of Brisbane vs. McCrady, the latter is theAower that has damnified the plaintiff in this case. There is no difference. (Whatever may have been the nature of the right to dower at the time of the warranty, it has since become perfect, and had by suit at law been established against the plaintiff to his loss. It was something against which the warrantor took the risk and Was bound to defend. It was an\ incumbrance, that is, a right from which diminution of value might result to the vendee, which yet did not prevent the immediate passing of the title to him. It is npt in principle to be distinguished from a mortgage of which the condition is not yet broken, or other contingent interest threatening, but not sure, to fall upon the land, which a vendor’s knowledge of his title might have detected, and a sufficient consideration has induced him to guard against. Our case of Polk vs. Sumter, (2 Strob. 81,) holds that, even during the lifetime of her husband, a wife’s dower unrelinquished may be shown by a purchaser, as an excuse for his refusal to comply with a contract to purchase,
The plaintiff has then properly recovered the amount which was assessed for the dower; but he too appeals, and urges his right to recover further the taxed costs in the dower case, and his counsel fee paid in defending it. As to the costs he is right. He must recover what was recovered against him, the sum assessed and costs, with interest thereon. To this extent as appears by a record to which the defendant was made a privy by notice, the incumbrance has diminished the value of the land that was conveyed. In all recoveries upon warranty, where there has been eviction, and the law has prescribed the purchase money and interest us the measure of damages, the taxed costs of the eviction are added. See 2 N. & McC. 190, 199. But there is no authority for including counsel fees in *381 the damages recoverable upon contracts. See Sedgwick on Damages, 99,—103. In the case of Legare vs. Frazer, 3 Strob. 380, counsel fees were recovered by an agent against his principal as part of the expenditure which the agent had made in and about the business of the principal.
The defendant’s motion is then dismissed; and the plaintiff’s motion is granted so as to permit him to have a new trial, if previous thereto, he will give one month’s notice to the defendant of his intention to require it, unless the defendant shall, on or before the first Monday of September next, pay the taxed costs aforesaid.
O’Neall, Withers, Whitner, Glover and Munro, JJ., concurred.
New trial nisi.