1090

Edward Ray GREER and Lilian Mary Greer, Plaintiffs, Of whom Edward Ray Greer is, Appellant v. Roy J. McFADDEN, Respondent.

(366 S. E. (2d) 263)

Court of Appeals

*Edward Ray Greer, pro se.*

*John P. Gettys,* Rock Hill, *for respondent.*

Heard Dec. 9, 1987.

Decided Feb. 22, 1988.

GARDNER, Judge:

Edward Ray Greer (Greer) brought this action against Roy J. McFadden (McFadden) in which he alleged the breach of the general warranty of a deed from McFadden to Greer. The appealed order granted summary judgment in favor of McFadden. We reverse and remand.

Greer appears *pro se* in this appeal and appeared *pro se* in the trial court.

The case before us involves long-established law incident to a cause of action for the breach of the covenant contained in a general warranty deed of real property. Involved is Greer's claim that McFadden conveyed to him land to which there was an outstanding paramount title, and, further, that Greer noticed McFadden to come in and defend a suit by adjoining landowners who asserted paramount title to part of the land Greer argues was included in the description of his deed from McFadden. McFadden refused to come in and defend. Of basic importance to this decision is whether Greer adduced evidence at the hearing of McFadden's motion for summary judgment that the corner of the land conveyed by McFadden was at the point Greer contends and which is delineated as the northernmost of the two lines platted on a plat of record which is attached to this decision. Reference by the reader to the attached plat will assist in an understanding of the facts and applicable law of this case. With this backdrop, we briefly review the facts.

In 1981, McFadden, by general warranty deed, conveyed to Greer and his wife a tract of land described in the description as the "McFadden Place" situate in Chester County, South Carolina, and bounded on the west by U. S. Highway No. 21 and lands of J. T. McFadden and on all other sides by adjoining landowners. The deed referred to a recorded plat made by Fred J. Hager on February 4, 1967, and incorporated the plat by reference. The Hager plat reflects that the tract fronts 703 feet on U. S. Highway 21.

Prior to the purchase of the above land, Greer and respondent walked the property lines and agreed upon the corners of the property.

In 1983, while Greer was on vacation, neighboring landowner Frank Boyd McFadden planted oats on what Greer believed was a portion of the property which McFadden had conveyed to him. Greer contacted Frank Boyd McFadden and was advised to obtain a survey of the property. Greer employed J. Boyd Fisher, surveyor, to establish the disputed corner, which Fisher did. Greer then constructed a fence beginning at the northern front corner established by Fisher.

In December 1984, neighboring landowners Frank Boyd McFadden, John Matheson and Martha McFadden Matheson brought actions against Greer and his wife to quiet title to the property claimed by the Greers. The disputed property fronted approximately 85 feet on Highway 21. By certified letter dated May 1, 1985, Greer, through an attorney, informed McFadden about these actions and made a formal demand to take over the defense of the lawsuits according to the terms of the general warranty. The record shows no evidence that McFadden answered this letter.

These actions were settled by consent order dated December 6, 1985. The parties to these actions agreed that two surveyors appointed by the court would run a line between the parties from the joint rear corner of the Matheson and Greer properties to a point on U. S. Highway 21, which would establish the front corner and that the line so determined would be the new division line between the parties. J. B. Fisher, who had previously run the line for Greer, and a surveyor named Jack Smith were appointed by the court. These two surveyors established a line 83.3 feet south of the

line that Fisher had previously surveyed for Greer and the point which Greer contends was the corner that he and McFadden agreed upon. The suit was settled upon the basis of the line established by surveyors Smith and Fisher.

This suit was then brought by Greer against McFadden for breach of the general warranty contained in the deed and asked for damages including the cost of defending the McFadden and Matheson suits. McFadden made a motion for summary judgment. .

The trial judge in the case before us granted McFadden summary judgment by an order in which he found (1) that Greer and his wife were bound by the previous consent order establishing the line between them and the neighboring landowners, (2) that Greer failed to show any loss of property conveyed by McFadden to him and his wife, (3) that Greer offered no witnesses to support his position, (4) that the 4.14-acre tract shown by the map of J. B. Fisher dated March 31, 1986, was not a part of the McFadden place, (5) that the sale of the McFadden place was a sale in gross and that Greer, as purchaser in a sale in gross was not entitled to recover for any deficiency, and (6) that McFadden did not have a duty to defend the prior actions by neighboring landowners.

As noted, Greer, himself a layman, prepared the exceptions on appeal. As a general rule, this court will not reverse a judgment of the circuit court, even if it is erroneous, on a ground not raised by a properly framed exception. If, however, in examining an exception to discover whether it has been framed in violation of the rules, this court ascertains that it clearly embraces a meritorious assignment of prejudicial error, it ordinarily will waive the breach of the rules and consider the exception. The standard for determining whether an exception not raised as required by the rules clearly embraces a meritorious assignment of prejudicial error resulting in the exception being considered by the Court of Appeals is whether, despite the improperly framed exception, the issue sought to be raised is reasonably clear to the Court of Appeals and to the adverse party. In the case before us, McFadden's attorneys addressed the issues presented.

When this Court construes an exception, it will make its

construction as liberal as the language will allow, in order to decide the question involved, unless it is satisfied that the statement has misled the respondent to his prejudice. We hold that McFadden has not been misled by the questions presented nor has he been prejudiced thereby. Finally, this Court is concerned with the substance of an appeal, not technical differences in the issues raised by the exceptions. In connection with the remarks contained in this paragraph and the previous paragraph, see the case of *Bartles v. Livingston*, 282 S. C. 448, 319 S. E. (2d) 707 (Ct. App. 1984).

Greer's exceptions, as we interpret them, and as addressed by both McFadden and Greer by their briefs, present these questions:

(1) Did Greer present evidence sufficient to create material issues of fact thereby precluding summary judgment?

(2) Was there evidence that Greer lost 4.14 acres of land purportedly conveyed to him by McFadden?

(3) Was the conveyance by McFadden a sale "in gross?"

(4) Did McFadden have a duty to defend the action against Greer by the neighboring landowners?

We hold (1) that there was evidence of record creating material issues of fact which precluded summary judgment, (2) that there is evidence of record creating a jury issue as to whether Greer lost 4.14 acres of land purportedly conveyed to him by-McFadden, (3) that whether the land was a conveyance by acre or in gross is immaterial, and (4) that McFadden had a duty to defend the action against Greer by his neighboring landowners and that a breach of this duty may be the basis of a suit for the breach of the general warranty contained in the deed.

Since we reverse on the first and second issues, we, in arriving at our conclusion, confine this decision to a general discussion of the applicable law of breach of general warranty deeds as applied to the facts of this case.

Greer asserts that McFadden had a duty to defend the prior action by John W. Matheson, et al., and was liable in this action for his cost and expenses of prior actions and asserts that the trial judge erroneously construed the following covenant of general warranty contained in the deed:

And I do hereby bind myself and my Heirs, Executors and Administrators, to warrant and forever defend all and singular the said Premises unto the said Edward Ray Greer and Lilian Mary Greer, their Heirs and Assigns against me and my Heirs and all other persons whomsoever *lawfully* claiming, or to claim the same, or any part thereof. [Emphasis ours.]

It is admitted that Greer gave McFadden notice of the prior suit and demanded that he come in and defend.

And it is the general law of the land that whenever an action is brought upon a paramount claim against any person who is entitled to the benefit of a general warranty deed, for the grantee of the general warranty deed to give proper notice to his grantor of the pendency of the suit, requiring him to come in and defend it, and thus to relieve himself from the burden of proving, in an action for the breach of the covenant, the validity of the *alleged paramount claim. See* 21 C. J. S. *Covenants* Section 89 (1940) and the cases therein cited. The purpose of the notice is that the grantor of a general warranty deed shall understand that a suit is pending asserting a superior title to the one he has warranted, and by which it is or may be in peril, and to inform him that it is for the recovery of the property he sold and that he is thereby called on to defend the title. 20 Am. Jur. (2d) *Covenants, Conditions and Restrictions* Section 47 (1965) and the cases therein cited.

No authority is necessary for the proposition that if there is a material issue of fact, summary judgment is not in order.

In the case before us, whether the boundary of the "McFadden place" was the southernmost line delineated in the attached plat is of no importance. What is of importance is whether McFadden agreed to and purported to convey to Greer the disputed property to which there was a title paramount to that purportedly conveyed by McFadden. This is true because McFadden's obligation under the general warranty of his deed included the obligation to defend and protect Greer against the lawful claims of all persons thereafter asserted to the land he purported to convey by general warranty deed to Greer. This is specifically spelled out in the form of McFadden's deed to Greer,

which is the statutorily prescribed form. *See* Section 27-7-10, Code of Laws of South Carolina (1976). *Also see* 20 Am. Jur. (2d) *Covenants, Conditions and Restrictions,* Section 50 (1965) and the cases therein cited. The question then is whether McFadden had purported to convey the disputed property to Greer, not whether McFadden had good title to the property actually conveyed. This is because it has long been held in this state that in an action by the warrantee against the warrantor, the record of a former recovery against the warrantee, in which his warrantor had notice to come in and defend his title, concludes him of everything then necessarily in issue. Stated differently, McFadden is bound by the results of the Frank Boyd McFadden, et al., suit against Greer. *See Middleton v. Thompson,* 28 S. C. L. (1 Speers) 67 (1842). *See also* 21 C. J. S. *Covenants,* Section 89 (1940).

We next address whether McFadden purported to convey the disputed land to Greer despite the paramount title of Frank Boyd McFadden, et al.

As noted above the deed from McFadden to Greer incorporated by reference the plat by Hager and its recording data.

Section 30-5-250, Code of Laws of South Carolina (1976) provides that when a deed refers to a recorded map "such reference shall be equivalent to setting forth in extenso in such deed ... metes (corners), boundaries, courses or distances of such real estate as may be delineated or shown on any such plat...."

In the case before us, the recorded plat was not only incorporated in the deed but there is evidence of record that McFadden, when he walked the property with Greer, agreed that the corner as shown on the map was the northwestern corner of the disputed property. *See* 92 C. J. S. *Vendor and Purchaser* Section 246 (1955) ("If the vendor points out the boundaries of the tract conveyed, such boundaries, if consistent with the terms of the contract, will be regarded as the true boundaries of the property contracted for, and the purchaser is entitled to all the land of the vendor so pointed out as included."). Bolstering this is the fact that J. B. Fisher, one of the two appointed surveyors in the previous case of *Matheson, et al., v. Greer,* in 1983 surveyed enough of the computed line to establish the dis-

puted corner at the point which Greer and McFadden ostensibly agreed was the corner of the land McFadden conveyed to Greer. This is reflected on the attached map showing the established line in the prior suit and the computed line as shown on the map incorporated in the deed from McFadden to Greer along with the surveyed corner.

We hold that the attached plat and the admitted fact that Greer and McFadden agreed on the corners of the tract to be conveyed constitutes sufficient evidence to create an issue of merit for determination by the trier of the facts as to whether McFadden purported to convey the disputed property to Greer.

Moreover, regardless of whether the conveyance was a conveyance in gross, there exists a question as to whether McFadden's deed to Greer and his agreement pertaining to the corner of the disputed land establishes that McFadden purported to convey to Greer the disputed land. See definition of a sale in gross contained in *Jamison v. Thackston*, 118 S. C. 254, 110 S. E. (2d) 389 (1922) (i.e., a sale in gross "is a sale of the actual quantity within the designated boundaries.").

Because there are material issues of fact to be determined, we reverse the appealed order.

For the reasons above given, the appealed order is reversed and the case is remanded for a trial *de novo*.

Reversed and remanded.

SANDERS, C. J., and GOOLSBY, J., concur.

Property line of Edward P. Greer, John M. Matheson & Frank R. McFadden

Chester County, S.C.

Scale: 1" = 300'

March 11, 1996

J.B. Fisher
J.B. Fisher, S.C. R.L.S. 4170
203 W. White St.
Rock Hill, S.C.