572 S.E.2d 295

John T. BLACK, Jr. and Jeanne Jones, as Personal Representatives of the Estate of Dorothy Carter, and also as Trustees of the Trust of Melissa Lynne Carter and Cynthia Anne Carter, Sylvia Carter, Otis Calvin Carter, III, Suzanne Carter Riley, Lacy Rebecca Rhode and John Duncan Carter, Plaintiffs,

v.

Jagdish M. PATEL and Usha M. Patel, Defendants/Third–Party Plaintiffs, Appellants,

v.

Dr. Abraham Karrottukunnel, Third–Party Defendant, Respondent.

No. 3545.

Court of Appeals of South Carolina.

Heard June 4, 2002.
Decided Aug. 26, 2002.
Rehearing Denied Nov. 20, 2002.

77

G. Dana Sinkler, of Charleston; Stephen A. Spitz, of Columbia, for appellants.

Michael S. Church, of Columbia, for respondent.

STILWELL, J.

Neighboring landowners brought an action against Jagdish and Usha Patel claiming superior title to a portion of property Dr. Abraham Karrottukunnel conveyed to the Patels by general warranty deed. The Patels commenced a third-party action against Dr. Karrottukunnel. Although Dr. Karrottukunnel participated in the defense, he refused to defend the action in its entirety. The master-in-equity ruled in favor of the Patels, concluding the plaintiffs failed to establish superior title. In a separate order, the master ruled the Patels could recover their costs from Dr. Karrottukunnel, but not their attorney's fees. The Patels appeal. We affirm.

## BACKGROUND

Several years after purchasing the property, the Patels completed construction of a separate one-story hotel building on the property. The portion of the property on which this building was located is the subject of the action against the Patels. Neighboring landowners sent a letter to the Patels offering to sell them the disputed property for $400,000. The Patels refused the offer and the neighbors filed suit for trespass and nuisance, alleging the one-story building was situated on their property. They sought a decree allowing them to demolish the building as well as granting them a

portion of the hotel's rental proceeds during the period of encroachment.

The Patels did not immediately answer the complaint, but asked their title insurance company to defend. It refused. Thereafter, they requested in writing that Dr. Karrottukunnel defend the action pursuant to the terms of his general warranty deed. Dr. Karrottukunnel did not respond. The Patels then filed their answer which included a third-party complaint against Dr. Karrottukunnel for breach of warranty.

The case was referred to the master-in-equity. Dr. Karrottukunnel did not defend the trespass and nuisance case on the Patels' behalf, but, with his attorney, participated in the defense including offering expert testimony from a surveyor. The master's ruling that the neighboring landowners had failed to establish their title to the disputed land appears to have been based in no small part on the expert testimony offered by Dr. Karrottukunnel. In a separate order, the master held the Patels could recover the cost of their defense of the title action from Dr. Karrottukunnel, but could not recover their attorney's fees from him because of our supreme court's decision in *Jeter v. Glenn*, 43 S.C.L. (9 Rich.) 374 (1856).[1]

## DISCUSSION

The Patels contend Dr. Karrottukunnel breached his covenant of quiet enjoyment and the master erred in refusing to allow them to recoup from Dr. Karrottukunnel the attorney's fees they incurred in defending their title. We note Dr. Karrottukunnel participated in the underlying action and defended the Patels' title by presenting evidence of its validity which ultimately proved successful. However, because we agree with the master that *Jeter v. Glenn* precludes the Patels' recovery of attorney's fees, we need not decide whether Dr. Karrottukunnel breached any covenant of his general warranty deed by failing to take over the defense entirely.

A South Carolina general warranty deed embraces all of the following five covenants usually inserted in fee simple con-

---

**1.** We granted the Patels' motion to argue against the precedent of *Jeter* solely for the purpose of allowing them to preserve the issue for further appellate review.

veyances by English conveyors: (1) that the seller is seized in fee; (2) that he has a right to convey; (3) that the purchaser, his heirs and assigns, shall quietly enjoy the land; (4) that the land is free from all encumbrances; and (5) for further assurances. The first and second covenants have the same effect as the third and fourth covenants. *Martin v. Floyd,* 282 S.C. 47, 51, 317 S.E.2d 133, 136 (Ct.App. 1984).

In *Jeter,* Glenn conveyed by general warranty deed property he purchased at a sheriff's sale to a person who later conveyed the property by general warranty deed to Jeter. The widow of a prior owner of the property sued Jeter to recover her dower. Jeter "vouched in" Glenn to defend.[2] *Jeter,* 43 S.C.L. at 374–75. It is difficult if not impossible to ascertain the extent to which Glenn participated in the defense of the suit, if at all. After a verdict in the widow's favor, Jeter brought a breach of warranty action against Glenn to recover the amount of the dower plus costs of litigation. A jury awarded Jeter the amount assessed for the dower but no costs. *Id.* at 375. On appeal, Jeter sought costs and attorney's fees incurred defending against the widow's action. The Court of Appeals of South Carolina, predecessor to our current supreme court, held Jeter was entitled to recover costs plus interest from Glenn. *Id.* at 380. However, the court ruled Jeter could not recover attorney's fees as "there is no authority for including counsel fees in the damages recoverable upon contracts." *Id.* at 380–81.

The Patels argue the claim in *Jeter* was based on the covenant against encumbrances and is therefore distinguishable from the instant action, which is based on the covenants of general warranty and quiet enjoyment. We do not read *Jeter* so narrowly. The court in *Jeter* noted that of the covenants included in a general warranty deed, the covenant of quiet enjoyment and the covenant against all encumbrances "may be united in one." *Jeter,* 43 S.C.L. at 379. Moreover,

---

**2.** Vouching-in is a common law "procedural device by which a defendant may give notice of suit to a third party who is liable over to the defendant on the subject-matter of the suit, so that the third party will be bound by the court's decision." *Black's Law Dictionary* 1572 (7th ed.1999). The device has been largely replaced by third-party practice. *Id.*

the court explained that although the general warranty "may well be understood to embrace all the usual covenants for title," it was enough for resolution of the claim that the deed be shown to include the covenant of quiet enjoyment and the covenant against encumbrances. *Id.* The court then analyzed the duties a grantor owes under the language of the general warranty itself. *Id.* at 130. Because the *Jeter* court addressed both the covenant against encumbrances and the covenant of quiet enjoyment, we find no rational basis for distinguishing the decision.

Next, the Patels assert we should not apply *Jeter* as precedent because, unlike this case, Jeter was awarded substantial damages against Glenn following the unsuccessful defense of his title. The Patels reason "the Court in *Jeter* was concerned that an innocent buyer not be overcompensated. The question in this case is far different; whether an innocent buyer is entitled to any compensation at all." We are unpersuaded by this argument as the *Jeter* court gave no indication that attorney's fees were denied because Jeter was awarded damages against Glenn. We do not construe the opinion in *Jeter* as barring attorney's fees only when the underlying claim is successful.

Finally, the Patels challenge the legal authority cited in *Jeter* on the issue of attorney's fees. They submit the authority cited by *Jeter* (*Sedgwick on Damages* ) is no longer sound or, alternatively, that this court should turn its attention to another passage from that text, rather than the one relied upon in the decision. We cannot offer the Patels relief from *Jeter* on this basis as we are bound, not by the underpinnings of *Jeter,* but by *Jeter* itself. *See* S.C. Const. art. V, § 9 ("The decisions of the Supreme Court shall bind the Court of Appeals as precedents."); *Duval v. Heritage Life Ins. Co.,* 339 S.C. 616, 620, 529 S.E.2d 566, 569 (Ct.App.2000) (same).

**AFFIRMED.**

CURETON and SHULER, JJ., concur.