THIS OPINION HAS NO PRECEDENTIAL VALUE

THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 South Carolina Farm Bureau Mutual Insurance Company,
 Appellant-Respondent,
v.
State Farm Mutual Automobile Insurance Company, Carl King, Kings Home Touch, Inc., Shannon Lynn Locklear, Mark W. Davis, and Cheryl R. Davis,
Of whom
State Farm Mutual Automobile Insurance Company is
Respondent-Appellant,
and Mark W. Davis and Cheryl R. Davis are Respondents.
 
 
 

ORDER

Appellant-respondent South Carolina Farm Burean Mutual Insurance Company has petitioned this Court for rehearing in this matter.  We deny
the petition but withdraw our former opinion and substitute the attached opinion.  
IT IS SO ORDERED.

 
 
 
 s/Jean H. Toal                                    
   C.J.
 s/James E. Moore                             
       J.
 s/E. C. Burnett, III                                
       J.
 s/Costa M. Pleicones                        
       J.
 
 s/Clyde N. Davis,
 Jr.                           
 A.J.
 
 

Columbia, South Carolina
April 10, 2006
THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
South Carolina Farm Bureau Mutual Insurance Company,
Appellant-Respondent,
v.
State Farm Mutual Automobile Insurance Company, Carl King, Kings Home Touch, Inc., Shannon Lynn Locklear, Mark W. Davis, and Cheryl R. Davis,
Of whom
State Farm Mutual Automobile Insurance Company is
Respondent-Appellant,
and Mark W. Davis and Cheryl R. Davis are Respondents.
 
 
 

Appeal from Horry County
John L. Breeden, Jr., Circuit Court Judge

Memorandum Opinion No.  2006-MO-010
Heard January 19, 2006  Refiled April 10, 2006 

REVERSED

 
 
 
William W. Doar, Jr. and Leigh T. Powers, of Georgetown, for appellant-respondent.
Timothy A. Domin and Michael B. McCall, II, both of Clawson & Staubes, LLC, of Charleston, for respondent-appellant.
N. David Durant, of Surfside Beach, for respondents.
 
 
 

JUSTICE MOORE:  This is a dispute between two automobile insurance companies.  Appellant-Respondent South Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) provided liability coverage for the at-fault party in the underlying action; Respondent-Appellant State Farm Mutual Automobile Insurance Company (State Farm) provided first-party uninsured coverage to the plaintiffs.  The trial judge ordered State Farm to reimburse Farm Bureau for funds expended.  We reverse.
FACTS
The underlying action involved a wreck that occurred when a utility trailer towed by the at-fault driver disengaged, crossed the center line, and struck the Mark and Cheryl Daviss vehicle.  Farm Bureau brought a declaratory judgment action to determine whether there was coverage under its policy with the at-fault driver.  The circuit court found there was no coverage under an exclusion in the policy for utility trailers with a capacity of more than 5,000 pounds.  This ruling was ultimately affirmed on appeal.  S.C. Farm Bureau Mut. Ins. Co. v. Wilson, 344 S.C. 525, 544 S.E.2d 848 (Ct. App. 2001).
Meanwhile, after the circuit courts ruling finding no coverage but before affirmance of that decision on appeal, Farm Bureau agreed to settle with the Davises for $40,000 in exchange for a covenant not to execute.  
After the no-coverage ruling was affirmed, State Farm took over the defense of the case.  The case went to trial resulting in a total verdict of $79,700.  State Farm paid the Davises $39,700 and issued a second check for the remaining $40,000 payable jointly to the Davises and Farm Bureau.  The $40,000 check was eventually returned to State Farm pending a determination of who was entitled to it.  
Farm Bureau claims it is entitled to equitable reimbursement of the $40,000 it paid to the Davises; State Farm claims Farm Bureau has no right of subrogation to first party insurance.  Both parties moved for summary judgment.  In an apparent attempt at compromise, the trial judge ruled that the $40,000 should be divided evenly between the two carriers after being reduced by the payment of fees and costs to the Davises attorney.  Both carriers appeal.  These cross-appeals involve the same issues and are consolidated for discussion as indicated below.
ISSUES

 
 
 
 
 1. 
 Is Farm Bureau entitled to reimbursement of any part of the $40,000 it paid in settlement to the Davises or the funds it expended to defend the case?
 
 
 2. 
  Is the Davises attorney entitled to an additional
 fee?
 
 
 
 

 DISCUSSION
Farm Bureau argues that because its policy does not provide coverage and it therefore was not obligated to defend in the personal injury suit brought by the Davises, it should be reimbursed by State Farm for the amount it paid the Davises in settlement and the monies it spent in preparing a defense.  We disagree.
First, uninsured benefits are not subject to subrogation.  South Carolina Code Ann. § 38-77-160 (2002), which provides for uninsured and underinsured motorist coverage, expressly states: 
Benefits paid pursuant to this section are not subject to subrogation and assignment.[1]  Accordingly, any amount paid to the Davises by State Farm is not subject to subrogation or assignment.           
The uninsured provision of the Davises policy with State Farm provides:

The most we pay will be the lesser of:
a.     the difference between:
(1) the amount of the insureds damages
and 
(2) the amount paid to the insured by or for any person . . . who is or may be held legally liable . . . .or
b.     the limit of liability of this coverage.

(emphasis added).  The jury found the amount of the Davises damages was $79,700.  Farm Bureau paid the Davises $40,000 on behalf of the at-fault driver.  State Farm was therefore obligated to pay the difference, or $39,700, to the Davises.  
In sum, State Farm paid all that it is required to pay when it paid the Davises $39,700 after the jury verdict.  Farm Bureau has no claim to reimbursement for the $40,000 it voluntarily paid to the Davises.  The fact that Farm Bureau ultimately obtained a judicial determination that it was not obligated to pay under its auto policy does not change this outcome since Farm Bureau obligated itself to pay the Davises in exchange for the Davises agreement not to execute.[2]
Further, Farm Bureau has no right to reimbursement for the amounts it spent in undertaking the initial defense of the at-fault driver.  Absent some agreement between the carriers, the fact Farm Bureau voluntarily undertook the defense before resolution of its coverage issue does not mean State Farm is obligated to pay those expenses.  Only an insurer who is obligated to provide a defense is required to equitably reimburse another who bore the expense of the defense.  Cf. Unisun Ins. Co. v. Hertz Rental Corp., 312 S.C. 549, 436 S.E.2d 182 (Ct. App. 1993) (if an insurance company that is not obligated to defend assumes the defense because the primary insurer breaches its obligation to defend, then the company assuming the defense is entitled to recover expenses).  State Farm was not obligated to undertake a defense on behalf of the at-fault driver, although it could do so at its own discretion.  See § 38-77-150 (uninsured motorist insurer has the right to appear and defend in the name of the uninsured motorist in any action which may affect its liability).  We conclude the trial judge erred in ordering State Farm to reimburse Farm Bureau for Farm Bureaus voluntary expenditures on behalf of the at-fault driver.
Finally, the trial judge ordered that the Davises attorney, David Durant, be paid an unspecified amount in fees and costs out of the $40,000 in dispute between the two carriers.  The judges rationale was that Mr. Durant was entitled to fees and costs to the extent of the entire jury verdict.  
First, we note that Mr. Durant requested that Farm Bureau pay him one-third of any amount he recovered on the carriers behalf.  He never claimed he was not paid his rightful fee from the Davises.  The record indicates that Mr. Durant in fact received the appropriate fees and costs according to his client contract for the total amount of the jury verdict.  Moreover, attorneys fees are not recoverable unless authorized by contract or statute.  Black v. Patel, 357 S.C. 466, 594 S.E.2d 162 (2004).  Mr. Durant had no agreement with Farm Bureau for the payment of a fee.  In any event, since the judge should not have awarded any recovery to Farm Bureau as discussed above, Mr. Durant cannot be entitled to any fee.
REVERSED.
 TOAL, C.J., BURNETT, PLEICONES, JJ., and Acting Justice Clyde N. Davis, Jr., concur.

[1]  There is an exception under S.C. Code Ann. § 38-77-150 (2002) for vehicles registered as uninsured motor vehicles pursuant to § 56-10-510 (Supp. 2004).  This exception is inapplicable here.
[2]  The covenant recognized that the Davises may still proceed with their claim under their uninsured motorist coverage and also states:

(4) that State Farms rights as an underinsured and/or uninsured insurance carrier will be effected (sic) by the appeal of the Declaratory Judgment Action [finding no liability coverage]; and 
(5) that all parties acknowledge the said Declaratory Judgment action and further acknowledge that the outcome of the said action could impact this agreement and these parties.

However, State Farm was not a party to this covenant and there is no agreement that State Farm would reimburse Farm Bureau for its payment to the Davises.