THOMAS, J.:
**129 Charles C. Byers, John T. Bakhaus, and Kenneth Smith (Appellants) appeal the circuit court's order granting attorney's fees to Harold Raynor and Michael Caldwell (Respondents). Appellants argue the circuit court erred because (1) no statute provided for attorney's fees and (2) there was no longer a contractual provision allowing for attorney's fees. We affirm.
**130 FACTS/PROCEDURAL HISTORY
On March 14, 2008, Appellants and Kurt Kasler executed a promissory note to Respondents. Appellants and Kasler agreed to pay the principal amount of $250,000 by March 1, 2009, and to pay eight percent interest in the event of default. The note further provided: "In the event of default in the payment of this note, and if it is placed in the hands of an attorney for collection, the undersigned hereby agrees to pay all costs of collection, including a reasonable attorney's fee."
On April 3, 2009, Respondents filed a breach of contract action seeking repayment of the $250,000 note, interest, attorney's fees, and costs. Appellants and Kasler did not answer the complaint and the circuit court entered a default judgment against them on August 4, 2009. The judgment provided Appellants *432 and Kasler were required to pay $258,768.15, which included the principal amount, interest, costs, and attorney's fees. On October 14, 2015, Respondents filed a motion for attorney's fees and costs seeking $82,433.68 in fees and costs associated with attempting to collect the judgment from Appellants and Kasler in supplemental proceedings.
At the hearing on Respondents' motion for attorney's fees, Appellants argued Respondents were not entitled to post-judgment attorney's fees because attorney's fees were not warranted by a statute or contract. Appellants argued "the purpose of entering a judgment is to liquidate that amount of debt that is owed" such that "the instrument upon which the debt is based merges into the judgment and the judgment becomes the document that's being enforced." According to Appellants, "the supplemental proceedings [were] not to collect the note, they[ were] to collect the judgment." In contrast, Respondents argued the note provided for attorney's fees in the event of default and the supplemental proceedings were part of the collections process agreed to by both parties in the contract. The circuit court granted Respondents' motion for attorney's fees, finding: (1) South Carolina courts had not adopted the merger doctrine, (2) "[t]he parties contracted for the award of attorney['s] fees should any 'litigation' or 'collections' be necessary," and (3) the amount of the requested attorney's fees was reasonable. This appeal followed.
**131 LAW/ANALYSIS
Appellants argue the circuit court erred in awarding post-judgment attorney's fees to Respondents because attorney's fees were not warranted by a statute or contract. Appellants urge this court to follow the Maryland court in Monarc Construction, Inc. v. Aris Corp.[1] in applying the merger doctrine from the Restatement of Judgments.[2] Appellants contend "once the judgment was issued, the contractual provisions of the note merged into the judgment" so there was no longer a contract providing for attorney's fees. We disagree.
"The review of attorney fees awarded pursuant to a contract is governed by an abuse of discretion standard." Laser Supply & Servs., Inc. v. Orchard Park Assocs. , 382 S.C. 326, 340, 676 S.E.2d 139, 147 (Ct. App. 2009). "An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." Clark v. Cantrell , 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000). "In South Carolina, the authority to award attorney's fees can come only from a statute or be provided for in the language of a contract. There is no common law right to recover attorney's fees." Harris-Jenkins v. Nissan Car Mart, Inc. , 348 S.C. 171, 176, 557 S.E.2d 708, 710 (Ct. App. 2001).
South Carolina has not adopted the merger doctrine from the Restatement. Thus, we find post-judgment attorney's fees can be awarded if a statute or contract provides for such fees. Because no statutory authority exists to grant attorney's fees in this case, we must look to the language of the note itself to determine whether the parties intended for post-judgment attorney's fees to be recoverable. See **132 McGill v. Moore , 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language."). The note provided: "In the event of default in the payment of this note, and if it is placed in the hands of an attorney for collection, the undersigned hereby agrees to pay all costs of collection, including a reasonable attorney's fee." The contract between the parties clearly provided for the recovery of reasonable attorney's fees for *433 necessary litigation in the event of default. There is no limitation in the contract for only fees incurred prior to or in the process of obtaining the judgment. Instead, the parties intended for Appellants to be responsible for all costs of collection. We find the circuit court did not abuse its discretion because there was evidence to support its finding that the contract allowed for an award of attorney's fees.
Accordingly, the circuit court's order is
AFFIRMED.
WILLIAMS and MCDONALD, JJ., concur.

188 Md.App. 377, 981 A.2d 822, 834-35 (2009) (holding a settlement agreement merged into prior default judgment and thus could not provide a basis to recover post-judgment costs and fees).

The Restatement (Second) of Judgments § 18 (1982) provides "[w]hen a valid and final personal judgment is rendered in favor of the plaintiff[, t]he plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment." The comments to the Restatement further explain "[w]hen the plaintiff recovers a valid and final personal judgment, his original claim is extinguished and rights upon the judgment are substituted for it." Id. cmt. a.