**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Team IA, Inc., Appellant,

v.

Cicero Lucas, Respondent.

Appellate Case No. 2017-001497

———————

Appeal From Lexington County
James O. Spence, Master-in-Equity

———————

Unpublished Opinion No. 2020-UP-279
Heard June 2, 2020 – Filed October 7, 2020

———————

**REVERSED AND REMANDED**

———————

Benjamin C. Bruner, of Bruner Powell Wall & Mullins, LLC, of Columbia, for Appellant.

Julio E. Mendoza, Jr., of Nexsen Pruet, of Columbia, for Respondent.

———————

**PER CURIAM:** Team IA appeals the master-in-equity's order finding it was not entitled to post-judgment attorney's fees incurred in pursuing supplemental proceedings to collect a 2015 judgment obtained against Cicero Lucas. Specifically, Team IA argues the master erred because: (1) the Employment Agreement and the circuit court's order entering the 2015 judgment allowed for

"any and all" attorney's fees; (2) the Agreement's fee-shifting provision was not ambiguous; (3) the master did not hear evidence of the parties' intent; (4) the merger doctrine did not extinguish Team IA's right to attorney's fees upon the entry of the 2015 judgment; and (5) the master's findings were contrary to the law of the case. We reverse and remand to the master-in-equity for further proceedings.

Following a 2015 trial in circuit court, Team IA obtained a jury verdict against Cicero Lucas for $278,137.34 in damages for breach of contract. In its order on post-trial motions, the circuit court found Team IA was entitled to attorney's fees and costs pursuant to the Agreement. The circuit court entered judgment for Team IA for $804,471.86, which included $526,334.52 in attorney's fees and costs.

Team IA filed this action for supplemental proceedings in an effort to collect the judgment. The circuit court referred the case to the master and issued a rule to show cause. Subsequently, the master applied the merger doctrine to find Team IA was not entitled post-judgment attorney's fees and costs related to its efforts to collect the outstanding judgment amount. Team IA appeals the denial of post-judgment fees.

This court reviews questions of law de novo. *Lollis v. Dutton*, 421 S.C. 467, 477, 807 S.E.2d 723, 728 (Ct. App. 2017). When the master decided this case, he did not have the benefit of this court's decision in *Raynor v. Byers*, published six months after the master filed his order. 422 S.C. 128, 131, 810 S.E.2d 430, 432 (Ct. App. 2017). In *Raynor*, this court held, "South Carolina has not adopted the merger doctrine from the Restatement. Thus, we find post-judgment attorney's fees can be awarded if a statute or contract provides for such fees." Pursuant to *Raynor*, we find the master erred in applying the merger doctrine to preclude Team IA from recovering post-judgment attorney's fees.

We also reverse the master's finding of ambiguity, as our review of the record reveals the master's consideration of the merger doctrine, as well as a misapplication of the theories noted below, impacted his ambiguity finding. The attorney's fee provision at issue provides:

> **Fees, Costs and Expenses**: In the event Employer must enforce any of the rights herein granted to it through an attorney, Employee shall be liable for any and all reasonable attorney's fees, expenses and court costs incurred in connection with the enforcement of Employer's rights hereunder.

In finding the "any and all" language capable of at least two interpretations and then barring post-judgment fees, the master expressed concern that his ruling on this *contractual* fee issue "[f]undamentally would change what happens at supplemental proceedings, what happens at a lot of stuff we're going to talk about on my checklist," and emphasized "the point is the ruling is not only going to work for you all, it has to work for the people who will try to take advantage of it. So that's want I'm concerned with. Not concerned with you at all." *Contra* Scott Moïse, *Dear Scrivener*, S.C. Lawyer, January 2014, at 50 ("No rule addresses state trial court orders, which practitioners frequently attach as exhibits to briefs, although they are not binding on other judges or courts.").

In his order denying post-judgment fees, the master stated, "Plaintiff and Defendant presented no factual issues to the [c]ourt regarding Plaintiff's Motion [for post-judgment fees]; the only issues are legal issues, one of which is how to interpret the Employment Agreement." However, the master made this finding without taking evidence, and in its absence, appears to have defaulted to the American Rule, disregarding the contract's fee-shifting language. This was error. *See Jackson v. Speed*, 326 S.C. 289, 307, 486 S.E.2d 750, 759 (1997) ("Attorney's fees are not recoverable *unless* authorized by contract or statute." (emphasis added)); *Renaissance Enterprises, Inc. v. Ocean Resorts, Inc.*, 326 S.C. 460, 469, 483 S.E.2d 796, 801 (Ct. App. 1997), *rev'd on other grounds*, 334 S.C. 324, 513 S.E.2d 617 (1999) ("The contract between the parties clearly provided for the recovery of reasonable attorney's fees for necessary litigation. The supplemental proceeding was brought to collect on the debt owed pursuant to the contract. We find no reason that the agreement would not encompass fees incurred in this supplemental proceeding, brought in order to determine the amount due from the underlying proceeding."); *see also McDowell v. S.C. Dep't of Soc. Servs.*, 304 S.C. 539, 405 S.E.2d 830 (1991) (where a party was entitled to attorney's fees in an underlying action pursuant to statute, that party was likewise entitled to attorney's fees for subsequent litigation over such fees incurred in a supplemental proceeding).

Accordingly, we reverse and remand to the master for further proceedings. On remand, the master should apply *Raynor* and the fee-shifting language of this specific contract, with the analysis to go "no further than required by the four corners of the governing documents in this case when applied to the facts of this case." *See Callawassie Island Members Club, Inc. v. Dennis*, 425 S.C. 193, 202,

821 S.E.2d 667, 672 (2018) (responding to the dissent's cogent concern that the majority decision rendered a "harsh" result).[1]

**REVERSED AND REMANDED.**

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decline to address Team IA's remaining issues as our rulings on the master's application of *Raynor*, his concern with setting precedent in interpreting this contract, and his findings on ambiguity are dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding the appellate court need not address the remaining issues when disposition of a prior issue is dispositive).