**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Logan Wood and Sarah Wood, Respondents,

v.

Horry County School District, Appellant.

Appellate Case No. 2021-000535

───────────────

Appeal From Horry County
William H. Seals, Jr., Circuit Court Judge

───────────────

Unpublished Opinion No. 2023-UP-244
Submitted May 1, 2023 – Filed June 21, 2023

───────────────

**AFFIRMED**

───────────────

Joseph P. McLean, of Clarke Johnson Peterson & McLean, PA, of Florence; and Andrew F. Lindemann, of Lindemann Law Firm, P.A., of Columbia, both for Appellant.

Amy Suzanne Lawrence and Justin Michael Lovely, both of The Lovely Law Firm, of Myrtle Beach; Kathleen Chewning Barnes, of Barnes Law Firm, LLC, of Hampton; and James Bernice Moore, III and Scott Christopher Evans, both of Evans Moore, LLC, of Georgetown, all for Respondents.

───────────────

**PER CURIAM:** Horry County School District (HCSD) appeals the trial court's denial of its motions for judgment notwithstanding the verdict (JNOV) and to deposit the judgment amount with the clerk of court. On appeal, HCSD argues the trial court erred in (1) determining the jury found two occurrences of gross negligence under the South Carolina Tort Claims Act and failing to reduce the award to $300,000 and (2) denying its motion to pay the amount of the judgment into court pursuant to Rule 67, SCRCP. We affirm.

1. We hold the trial court did not err in denying HCSD's motion for JNOV and refusing to reduce the award to $300,000 because evidence in the record supported its ruling. *See Dawkins v. Sell*, 434 S.C. 572, 580, 865 S.E.2d 1, 5 (Ct. App. 2021) ("The trial court's ruling on a directed verdict or JNOV motion will be reversed only if the ruling is governed by an error of law or no evidence supports the ruling."). The trial court did not err in finding the jury could determine the number of occurrences because applying the facts of a case to the statutory definition of "occurrence" is a question of fact for the jury. *See Boggero v. S.C. Dep't of Revenue*, 414 S.C. 277, 280, 777 S.E.2d 842, 843 (Ct. App. 2015) ("'[W]hether the facts of a case were correctly applied to a statute is a question of fact . . . .'" (quoting *Hopper v. Terry Hunt Constr.*, 373 S.C. 475, 749, 646 S.E.2d 162, 165 (Ct. App. 2007))); S.C. Code Ann. § 15-78-30(g) (2005) ("'Occurrence' means an unfolding sequence of events which proximately flow from a single act of negligence.").

Moreover, evidence in the record supported the trial court's determination that the jury found two occurrences of gross negligence. The jury was instructed on the definition of occurrence and that each alleged act of gross negligence had to be "separate and independent" in order to find more than one occurrence. Additionally, the jury checked "yes" to two separate acts of gross negligence on the verdict form. Although the special verdict form did not specifically ask the jury to write down the number of occurrences, HCSD requested the removal of an interrogatory that would have asked the jury to make such a determination. We further hold HCSD may not now complain that the special verdict form lacked such an interrogatory. *See Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 476, 629 S.E.2d 653, 670 (2006) ("[A] party may not complain on appeal of error or object to a trial procedure which his own conduct has induced."); *McKissick v. J.F. Cleckley & Co.*, 325 S.C. 327, 350, 479 S.E.2d 67, 79 (Ct. App. 1996) (holding a party may not complain on appeal when it receives what it asked for at trial).

2.  We hold the trial court did not abuse its discretion in denying HCSD's motion to deposit the judgment amount with the court.  *See* Rule 67, SCRCP ("In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money . . . a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum . . . ."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 369 S.C. 150, 153, 631 S.E.2d 533, 535 (2006) ("The granting of leave to deposit money with the court pursuant to Rule 67, SCRCP is a matter within the discretion of the trial court and will not be overturned absent an abuse of that discretion."); *id.* ("An abuse of discretion occurs when the ruling is based on an error of law or a factual conclusion without evidentiary support."); S.C. Code Ann. § 34-31-20(B) (2020) ("A money decree or judgment of a court enrolled or entered must draw interest according to law."); *Hunting v. Elders*, 359 S.C. 217, 229, 597 S.E.2d 803, 809 (Ct. App. 2004) ("[A] claimant is entitled to interest from the date of the rendition of the verdict, or post-judgment interest, as a matter of course.").

**AFFIRMED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.